**JELLISON & ROBENS, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 480.659.4244
Facsimile: 480.659.4255
JAMES M. JELLISON, ESQ., #012763
jim@jrlawaz.com
RODNEY F.W. STATES, ESQ., #032444
rodney@jrlawaz.com
*Attorneys for Defendants Cochise County and Cochise County Sheriff, Deputy Curtis L. Watkins, Deputies John Doe, Jane Doe and "Veronica" Doe, Operations Commander Robert Watkins, Sergeant Tal Parker, and Cochise County Fire Chief (collectively, "County Defendants")*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF ARIZONA

| | |
|---|---|
| Marcus Hinton; Vanessa Hinton (POA); Veronica Hinton; Truly Organic; and Great Day Transportation, | Case No. CV-23-00482-TUC-JAS |
| Plaintiffs, | **DEFENDANTS COCHISE COUNTY AND COCHISE COUNTY SHERIFF'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** |
| v. | |
| Cochise County, Cochise County Sheriff, Doni and William Mayer; Mark Brnovich; Jane and John Does; Gregory G. McGill Esq.; Matt McGregor; Mark Kelly; Eric DeRosia; Curtis L. Watkins; Lashawn Jenkins; Christopher Jeffries; Joshua Turner; Robert Watkins; Tim Shay; Sgt. Tal Parker; Wilcox Arizona Mayor; Cochise County Fire Chief; Douglas Police Department Chief of Police; Benson Police Department Chief of Police; Linda Bohlke; Stephen Scott; Sabrina Doe; and Amy Doe, | **(Oral Argument Requested)** |
| Defendants. | |

/ / /

1    Pursuant to Fed.R.Civ.P. 12(b)(6), Defendants Cochise County, Cochise County

2    Sheriff, Deputy Curtis L. Watkins, Deputies John Doe, Jane Doe and "Veronica" Doe,

3    Operations Commander Robert Watkins, Sergeant Tal Parker, and Cochise County Fire Chief

4    (the "County Defendants"),[1] through undersigned counsel, hereby move to dismiss Plaintiffs'

5    Complaint against the Cochise Defendants. This motion is supported by the following

6    Memorandum of Points and Authorities. Cochise Defendants' Certificate of Conferral is

7    attached hereto as Exhibit A.

8    **MEMORANDUM OF POINTS AND AUTHORITIES**

9    **I.    STANDARD OF REVIEW**

10    The Court may dismiss a complaint for failure to state a claim under Fed.R.Civ.P

11    12(b)(6) for two reasons: 1) lack of a cognizable legal theory; and 2) insufficient facts alleged

12    under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th

13    Cir. 1990). To survive a 12(b)(6) motion, a complaint must meet the requirements of

14    Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing

15    that the pleader is entitled to relief," so that the defendant has "fair notice of what the ... claim

16    is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555

17    (2007), quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957). Although a complaint challenged

18

19    _____

[1]    The Complaint's heading, on p. 1, lists "Cochise County," "Cochise County Sherrif"

20    [sic], "Doni + BWilliam Mayer," [sic] and "(Please See Attached)" on the Defendant(s)
line. (Doc. 1). *The Complaint also appears to be missing page 2, as the filed page 2 of*

21    *Doc. 1 states "Page 3 of 5" at the bottom.* Pages 2 and 3 of the Complaint lists
"Progressive Insurance" as an additional Defendant. The body of the 40-page

22    Complaint does not clarify whether the persons, entities, and 'Does' stated therein are
parties, witnesses, or something else. (*Id.*). Defendants are loath to interpret the

23    Complaint beyond its clear and unambiguous statements. However, out of an
abundance of caution, undersigned counsel also confirms appearance and response on

24    behalf of the persons or officials alleged to work for the County and/or Sheriff's Office.

25    (Doc. 1, pp. 22—34, ¶ 1(e) (Veronica *Doe*), ¶ 1(j) (Jane Doe or John Doe), ¶ 1(q) (Curtis
L. Watkins), ¶ 1(x) (Jane Doe), ¶ 1(y) (Robert Watkins), ¶ 1(cc) (Sgt. Tal Parker), ¶

26    1(gg) (Cochise County Fire Chief), and ¶ 1(rr) (Cochise County female officer; *another

27    Jane Doe*)).

28

2

for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (internal citations omitted).  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202, pp. 94, 95 (3rd ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 674 (2009) (citing *Twombly,* 550 U.S. at 555). A complaint that offers nothing more than naked assertions will not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal, id.*

Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.* (citing *Twombly,* 550 U.S. at 557).   "Determining whether a complaint states a plausible claim for relief [is] … a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal,* 556 U.S. at 679.

The absence of plausibly stated facts showing unlawful municipal or individual conduct cannot support a plausible claim or defeat a motion to dismiss.  *See, Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007).   The Court does not have to accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain,* 478 U.S. 265, 286 (1986).  "Conclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss."  *Sanders,* 504 F.3d at 910.

1
2
3

When a motion to dismiss raises qualified immunity, the court assesses whether the operative complaint pleads a plausible claim that withstands qualified immunity. *Keates v. Koile*, 883 F.3d 1228, 1235 (9th Cir. 2018).

4

## II.      STATEMENT OF MATERIAL FACTS[2]

5
6
7
8

On or about November 17, 2021,[3] Plaintiffs experienced a fire at the one of the houses on the property located at 3752 N. Golden Rule Rd., Cochise, AZ 85606 (the "Rental Premises"). (Doc. 1, p. 6, ¶ 5). On or about this date,[4] Plaintiffs were evicted from the Rental Premises. (*Id.*).

9
10
11
12
13
14
15
16
17
18
19
20
21

Plaintiffs claim that, in the course of responding to the house fire and/or assisting with evicting Plaintiffs, unnamed and unspecified Cochise County Sheriff's Office personnel: "search[ed] and seiz[ed] [Plaintiffs'] property and businesses"; "destr[oyed] and remov[ed] [Plaintiffs'] property and businesses"; caused an unspecified "loss of earnings and potential earnings"; caused or effectuated the "seizure," "kicking(abusing)," "kill[ing], los[s], [] and torture[]" of Plaintiffs' "[o]ver 200 small farm animals and pets"; deprived Plaintiffs of "fair access to medical equipment, medical access as [Plaintiffs'] disabilities progress"; committed racial discrimination and used racial slurs toward or in reference to Plaintiffs; planted evidence, created false documents, and falsely imprisoned Plaintiffs; threatened to physically harm or arrest Plaintiffs and/or seize Plaintiffs' property in response to Plaintiffs' efforts to protect their animals and refusal to "vacate the property"; and "strangl[ed] rabbits, cut[] pigs and birds cavities open using blood to draw different objects, paint[ed] blood of animals

22
23

[2]   Defendants recite the Complaint's factual allegations as required by the Rule 12(b) standard regardless of whether they agree with those facts in reality.

24
25
26
27

[3]   The Complaint also refers to November 18 and 19, 2021 in various places, but the precise significance or events alleged to have occurred on either of these dates is inconsistent and unclear. *For example,* page 6, ¶ 5 of the Complaint alleges the house fire and "false eviction" to have occurred on November 17, 2021; but at p. 9, ¶ 24, the Complaint asserts the eviction occurred on November 19, 2021. *This is, but one example, of the many confusing assertions and allegations in the Complaint.*

28

[4]   See Footnote 3 above.

slaughtered into property" [sic]. (Doc. 1, pp. 5—10).[5]

Plaintiffs also allege an array of alleged wrongs committed or witnessed by FBI employees, state legislative representatives, local police officials, a former governor, the former Arizona Attorney General and certain of his employees, Progressive Insurance, Plaintiffs' own legal counsel, Plaintiffs' former landlord(s), Plaintiffs' former neighbors, and other "Doe" persons/entities alleged to have some unclear involvement in the underlying matter(s). (Doc. 1, pp. 21—36).

Specific to County personnel, the complaint alleges that:

- "Veronica (not sure of last name)" whose job or title is "internal affairs Cochise county sheriffs department" [sic] "[d]enied [Plaintiffs] the right to file, [b]erate and dehumanized." (Doc. 1, p. 22, ¶ 1(e));

- "Jane Doe or John Doe" whose job or title is "Cochise county internal affairs" "we're told we had to deal with the same ones who victimized us" (Doc. 1, pp. 23—24, ¶ 1(j));

- "Curtis L. Watkins" whose job or title is "Cochise county sheriff department Street Address" "[t]hreatens, stating" [sic] (Doc. 1, pp. 25—26, ¶ 1(q));

- "Jane Doe" whose job or title is "Cochise county dispatch respondent" "[h]umiliated an dehumanizing. She also stated we had no rights. Said the sheriffs didn't need a warrant" [sic] (Doc. 1, p. 28, ¶ 1(x));

- "Robert Watkins" whose job or title is "operations commander Cochise county State AZ" "[s]tated we could not file a report unless it came through him. Stated we had no rights in Cochise county" (Doc. 1, p. 28, ¶ 1(y));

- "SGT. Tal Parker" whose job or title is "Cochise county sheriffs department" "[w]as the officer who threatened to arrest us because we demanded that whoever was in power of our items be arrested and charges filed. He never let us identify our stolen possessions. He then put together a group of his deputies and friends several trucks and trailers with the original thieves and took it all back to my property without my permission. Cut a lock again and began planting

---

[5] Part-way through page 10 and continuing to page 21, the Complaint appears to begin repeating the same allegations and damages alleged against the County Defendants (i.e. eviction and alleged acts/harms toward Plaintiffs', their animals, and their property), although it is unclear if the repetition is verbatim or in the same order/sequence as the initial recitation of allegations found on pages 5-10.

evidence and destroying what was left" (Doc. 1, p. 29, ¶ 1(cc));

- "Cochise County Fire Chief" "[i]f at any point he was knowledgeable of the transgressions of Cochise county Sheriff and did nothing" (Doc. 1, p. 31, ¶ 1(gg)); and

- "Jane Doe" whose job or title is "Cochise County[] Female Officer" "[w]as knowledgeable of transgressions of Cochise county Sheriff and did nothing" (Doc. 1, p. 34, ¶ 1(rr)).

Pages 37 through 40 contains a letter-style statement, expressing general hardships and circumstances and alleging that Plaintiff Marcus Hinton entered a rent to own agreement involving the Rental Premises in the year 2020, circumstances necessitated changes to the agreement; Plaintiffs' "main house" on the Rental Premises "mysteriously caught fire [on] November 17, 2021"; at some point unnamed "Cochise county sheriff deputies" [sic] entered the premises and commenced planting "bags, weapons, substances, [and] a dryer in and around" the Rental Premises;  Plaintiffs "were evicted within approximately three days of the home fire"; and "Within days of the Total loss house fire [Plaintiffs] were homeless without [their] property, food, water, shelter, incontinence diapers, incontinence wipes, medical equipment, shoes, forks, or any of [Plaintiffs'] businesses to fall back on for support. [Plaintiffs] were abandoned by [their] attorneys, landlord and local sheriffs department." This portion of the Complaint appears to be identical to Plaintiffs' November 9, 2023 "Letter to the Court." (Doc. 5).

On October 25, 2023, Plaintiffs filed their Complaint against Cochise County, Cochise County Sheriff, Doni and William Mayer, and Progressive Insurance, alleging the following purported federal claims—"Constitutional Rights Search + Se[]izure [Count 1,] Excessive Force [Count2,] [and] Denial of Due Process [Count 5]"—and the following state law claims—"Tres[]pass [Count 3] [and] Th[]eft [Count 4]." (Doc. 1, p. 2). [6]

---

[6]   Defendants have incorporated Count numbers for the alleged claims for ease of reference and organizational purposes in this Motion.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.   <u>LEGAL ANALYSIS</u>

Simply stated: 1) the Cochise County Sheriff and the Cochise County Fire Chief[7] are non-jural entities which cannot be sued and therefore must be dismissed; 2) the state law claims must be dismissed for Plaintiffs' failure to timely allege their state law claims within the applicable statute of limitations; 3) the state law claims must be dismissed for Plaintiffs' failure to comply with A.R.S. § 12-821.01; 4) the federal law claims must be dismissed for Plaintiffs' failure to satisfy the applicable pleading standard; 5) the County Defendants are entitled to qualified immunity from Plaintiffs' federal claims as: a) no constitutional violation occurred; and b) no County Defendant violated clearly established law; 6) Punitive damages for federal *Monell* claims against the County and/or Sheriff's Office must be dismissed; and 7) Any punitive damages for state claims against all County Defendants must be dismissed.

### A.  DEFENDANT COCHISE COUNTY SHERIFF AND COCHISE COUNTY FIRE CHIEF ARE NON-JURAL ENTITIES

Plaintiffs' Complaint identifies the Cochise County Sheriff and the Cochise County Fire Chief as defendants (Doc. 1, pp. 1 and 31).

The Complaint does not allege any direct/personal involvement of the Sheriff, and does not allege any policy, practice, or custom of the Sheriff's Office alleged to give rise to Plaintiffs' injuries. The Complaint's sole allegation against the Fire Chief is that "[i]f at any point he was knowledgeable of the transgressions of Cochise county Sheriff and did nothing" [sic]. (Doc. 1, p. 31, ¶ 1(gg))

Neither the Cochise County Sheriff nor the Cochise County Fire Chief are proper defendants because both are "non-jural entit[ies]." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (App. 2010)). "Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. [] Thus, a governmental entity may be sued only

---

[7]  Arizona counties, including Cochise County, do not provide fire protection services. Therefore, Cochise County does not have any Fire Chief to sue, even if it was a jural entity, which it is not.

1  if the legislature has so provided." *Braillard*, 224 Ariz. at 487 (internal citations omitted). A
2  sheriff's office is not a separate entity amenable to suit for federal or state claims, and
3  therefore must be dismissed from the case. *Id.*   Furthermore, Arizona counties, including
4  Cochise County, do not provide fire protection services. Therefore, Cochise County does not
5  have any Fire Chief to sue, even if it was a jural entity, which it is not.

6  ## B. PLAINTIFF'S STATE LAW CLAIMS AGAINST COUNTY DEFENDANTS MUST BE DISMISSED FOR FAILURE TO STRICTLY COMPLY WITH ARIZONA'S NOTICE OF CLAIM STATUTE

8  A "claim against a public entity is barred absent compliance with both A.R.S. § 12-
9  821.01, which requires a notice of claim to be provided to the entity 'within one hundred
10  eighty days after the cause of action accrues,' and § 12-821, which requires a complaint to be
11  filed 'within one year after the cause of action accrues.'" *Standard Constr. Co. Inc. v. State*,
12  249 Ariz. 559, 562 (App. 2020). "For the purposes of this section, a cause of action accrues
13  when the damaged party realizes he or she has been damaged and knows or reasonably should
14  know the cause, source, act, event, instrumentality or condition that caused or contributed to
15  the damage." A.R.S. § 12-821.01(B); *Dube v. Likins*, 216 Ariz. 406, 416 (App. 2007) (*quoting*
16  A.R.S. § 12-821.01).

18  Strict compliance with all statutory provisions is a prerequisite to filing suit.  *See Simon
19  v. Maricopa* Med. *Ctr.*, 225 Ariz. 55, 62-63 (App. 2010)*; Chen v. Maricopa County*, 2013
20  WL 1045484 (D.Ariz. 2013) (noting that substantial compliance is insufficient to satisfy the
21  requirements of A.R.S. § 12-821.01).[8]

22  A cause of action accrues for purposes of the notice of claim statute "when the
23  damaged party realizes he or she has been damaged and knows or reasonably should know

---

[8] The notice of claim defense should ordinarily be raised early in the litigation and before engaging in extensive discovery.  *See, e.g., City of Phoenix v. Fields,* 219 Ariz. 568, 574 (2009); *Jones v. Cochise County,* 218 Ariz. 372, 380–81 (App. 2008).  Here, the County Defendants bring the notice of claim issue before this Court at the earliest possible moment through this motion to dismiss.

the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12-821.01(B). Under §§ 12–821 and –821.01, "[a] plaintiff need not know *all* the facts underlying a cause of action to trigger accrual. But the plaintiff must at least possess a minimum requisite of knowledge sufficient to identify a wrong occurred and caused injury.'" *Thompson v. Pima Cty.*, 226 Ariz. 42, 46 (App. 2010) (*quoting Doe v. Roe*, 191 Ariz. 313, 323 (1998)); *Little v. State*, 225 Ariz. 466, 469 (App. 2010) ("The relevant inquiry is when did a plaintiff's knowledge, understanding, and acceptance in the aggregate provide sufficient facts to constitute a cause of action") (internal citations omitted).

The accrual date for statute of limitations purposes was November 17, 2021. One-hundred-eighty days from November 17, 2021 was May 16, 2022. Plaintiffs never filed a notice of claim ("NOC") from November 17, 2021 to the present. (*See* Affidavit of Interim Clerk of the Cochise County Board of Supervisors, attached as Exhibit B hereto).

The public entity/employee is entitled to consider the NOC and respond to it *before* any lawsuit is filed. A.R.S. § 12-821.01 (A)—(E); *James v. City of Peoria*, 513 P.3d 277, 280 (2022); Donovan *v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, 610 (App. 2018). The Arizona Supreme Court has long held that the statutory requirements in A.R.S. § 12-821.01 "allow the public entity to investigate and assess liability, ... permit the possibility of settlement ***prior to litigation***, and ... assist the public entity in financial planning and budgeting." *James*, 513 P.3d at 280 (emphasis added); *Donovan*, 244 Ariz. at 610 ("The purpose of the statute is to provide the entity an opportunity to investigate the claim, to assess its potential liability, to reach a settlement ***before litigation***, and to budget and plan.") (emphasis added).

**A Notice of Claim was never served in this case.** Plaintiffs failed to file an NOC. They filed suit for alleged state law violations without ever submitting any notice of claim and have forever failed to provide the County Defendants *any time* – much less 60 days, to consider an NOC prior *to* the filing of litigation. There is no cure for this failure. By filing suit before delivering an NOC, the well-recognized purpose of exploring pre-litigation

settlement has been foiled once, for-all, and forever.  The County Defendants have been forced to litigate without any opportunity to consider settlement, the purpose of the statute has been defeated, and dismissal with prejudice is mandatory for Plaintiffs' failure to strictly comply with the statute in this manner.

Because Plaintiffs failed to timely submit the NOC required by A.R.S. § 12-821.01, their state claims are barred, even if Plaintiffs had pled a cognizable state claim. *Id*. at Sub. (A) ("Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon"); *Standard Constr. Co. Inc.*, 249 Ariz. at 562; *Dube*, 216 Ariz. at 416.

This is a standalone basis for dismissal of Plaintiffs' state law claims.

## C. PLAINTIFFS' STATE LAW CLAIMS AGAINST COUNTY DEFENDANTS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH ARIZONA'S STATUTE OF LIMITATIONS

Under A.R.S. § 12–821, "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." Accrual for causes of action under § 12–821 is defined as "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." *Dube v. Likins*, 216 Ariz. 406, 411 (App. 2007).

Plaintiffs' Complaint was filed on October 25, 2023.  The accrual date for statute of limitations purposes was November 17, 2021.[9]  Because Plaintiffs failed to timely file their state claims, such claims are time barred. This is another standalone basis for dismissal of all of Plaintiffs' state law claims.

---

[9]   As discussed in Footnote 1 above, the Complaint also confusingly mentions November 18 and 19, 2021, but is inconsistent and unclear about the significance of and what is alleged to have occurred on these dates. For the purposes of A.R.S. § 12-821.01, it matters not, as Plaintiffs never filed a Notice of Claim as required by this statute and the time to do so has long since past, regardless of whether any of the claims accrued on the 18th or 19th, rather than the 17th.

### D. PLAINTIFFS FAIL TO STATE A COGNIZABLE FEDERAL CLAIM

Plaintiffs' "Constitutional" "Search [and] Se[]izure" and "Excessive Force" claims appear to relate to the Fourth Amendment, and their "Due Process" claim appears to relate to the Fourteenth Amendment. As the Complaint only lists Cochise County and the Sheriff as the only County Defendants, his claims appear to rest on a municipal liability theory alone. However, out of an abundance of caution, Defendants also raise the issues the deficient Complaint presents as to the individual County personnel that might be considered as defendants in this action.

First, for municipal liability purposes, glaringly absent from the Complaint are any allegations supporting, demonstrating, or otherwise alleging how these alleged acts were the result of County or Sheriff's Office policies, practices or customs.

Second, none of Plaintiffs' allegations found in pages 5-10 of the Complaint are allegedly attributable to any specific County Defendant. Accordingly, these allegations are not plausibly pleaded.

Third, the individual County Defendants Cochise County Sheriff, Deputy Curtis L. Watkins, Deputies John Doe(s), Jane Doe(s) and Veronica Doe, Operations Commander Robert Watkins, Sergeant Tal Parker, and Cochise County Fire Chief are entitled to qualified immunity for the reasons discussed in Sections D.2—D.5 below.

#### 1. Plaintiffs' Conclusory Allegations Do Not Support a Monell Claim

The Supreme Court has held that, "[p]laintiffs who seek to impose liability on local governments under § 1983 must prove that 'action pursuant to official municipal policy' caused their injury." *Connick v. Thompson,* 563 U.S. 51, 60-61 (2011) (*quoting Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)). Local government entities are "not vicariously liable under § 1983 for their employees' actions." *See id.; see also Iqbal,* 129 S.Ct. at 1948 (There is no *respondeat superior* liability under § 1983). Instead, it is only "when execution of a government's policy or custom, whether made by *its* lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury

that the government as an entity is responsible under § 1983." *Monell,* 436 U.S. at 694.[10]

It is well-settled that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. These conclusions are not entitled to a presumption of truth and cannot support a municipal claim. *Hernandez,* 666 F.3d at 637. Furthermore, a single incident is insufficient to demonstrate or otherwise allege the existence of an entity-wide practice or custom. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) (*quoting Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997); *see also Denby*, 2019 WL 1425201, at *3 ("This allegation, however, is conclusory in nature, and apart from the current incident, contains no factual allegations to support such a practice") (*citing Meas v. City & Cty. of San Francisco*, 681 F.Supp.2d 1128, 1142 (N.D. Cal. 2010)).[11]

Here, Plaintiffs do not identify any officially adopted or promulgated policy or decision of Cochise County or the Cochise County Sheriff which inflicted their alleged injuries. Rather, the Complaint alleges that Sheriff's Office personnel were present for Plaintiffs' house fire and eviction and that certain of these personnel violated Plaintiffs' Constitutional rights by searching and seizing Plaintiffs' property and abusing Plaintiffs' farm animals and pets,

---

[10] S*ee also Denby v. City of Casa Grande*, No. CV-17-00119-PHX-SPL, 2019 WL 1425201, at *3 (D. Ariz. Mar. 29, 2019) ("There are two ways in which municipal liability may attach: (1) if the constitutional violation is committed in accordance with a longstanding custom or practice, or (2) if an isolated violation is caused by a person with final policymaking authority") (*citing Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003); *and Norton v. Arpaio*, No. CV-15-00087-PHX-SPL, 2018 WL 5793059, at *3 (D. Ariz. Sept. 25, 2018) ("A county is liable only for the actions of 'its lawmakers or by those whose edicts or acts may fairly be said to represent official policy' . . . 'To hold a local government liable for an official's conduct, a plaintiff must first establish that the official (1) had final policymaking authority 'concerning the action alleged to have caused the particular constitutional or statutory violation at issue' and (2) was the policymaker for the local governing body for the purposes of the particular act'") (*quoting Cortez v. Cty. of Los Angeles*, 294 F.3d 1186, 1188-89 (9th Cir. 2002)).

[11] Providing that a "plaintiff's unsubstantiated allegations regarding the City's purported failure [in] a single [instance], as opposed to a systematic policy, cannot support a claim of municipal liability." *Id*.

allegedly slaughtering the animals and painting objects on the Rental Premises in the blood of these animals.

The Complaint *does not* allege that these alleged acts were the result of any policies or statutes created and promulgated by the County Defendants. Where *Monell* municipal liability has not been plausibly pleaded, such claims must be dismissed. *Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (plausible claim standard also applies to *Monell*-based claims).

Furthermore, the Complaint fails to: 1) identify the cause of the house fire; 2) allege that the house fire was somehow the fault of any of the Defendants, much less the County Defendants; and 3) distinguish which losses or harms resulted from the eviction, as opposed to those attributable to the fire, for which no Defendants are alleged to be liable. Also, Plaintiffs base their theory of municipal liability upon nothing more than a single incident, which is patently insufficient to support municipal liability for a § 1983 violation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell,* unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker").

The absence of a factual basis for municipal liability against the County Defendants is fatal to Plaintiffs' federal claims against them under Fed.R.Civ.P., Rule 12(b)(6). Accordingly, Plaintiffs' municipal liability claim against the County Defendants must be dismissed. *Johnson v. Brady*, No. CV-14-01875-PHX-DGC, 2015 WL 3774283, at *3-4 (D. Ariz. June 17, 2015) ("conclusory allegations of municipal liability" with "virtually no facts supporting" the claims, must be dismissed).

### 2. Plaintiffs' Conclusory Allegations do not Support a Fourth Amendment Excessive Force Claim

The question whether a police officer has used excessive force in violation of the Fourth Amendment requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate

threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018). An officer is entitled to qualified immunity if the force used was objectively reasonable under the particular circumstances of the case or when clearly established law did not put the officer on notice that his/her conduct violates the fourth amendment. *Tennessee v. Garner*, 471 U.S. 1 (1985); *Graham v. Connor*, 490 U.S. 386 (1989); *White v. Pauly*, 580 U.S. 73, 78–81 (2017).

First, not one of the allegations raised in pages 5-10 of the Complaint are alleged to have been committed by *any* of the individual County Defendants. Accordingly, each of the individual County Defendants are entitled to Qualified Immunity against any constitutional claim(s) resting on those allegations.

Next, we look to the allegations made against each individual County Defendant:

The Complaint alleges that Defendants Veronica Doe, Jane or John Doe, and Robert Watkins violated Plaintiffs' rights through verbal communications. (Veronica Doe "[d]enied [Plaintiffs] the right to file, [b]erate and dehumanized" (Doc.1, p. 22, ¶ 1(e)); Jane Doe or John Doe "told [Plaintiffs] we had to deal with the same ones who victimized us" (Doc.1, pp. 23-24, ¶ 1(j)); and Robert Watkins "[t]hreatens, stating"[12] (Doc.1, p. 28, ¶ 1(y)). Verbal abuse or threats do not give rise to a constitutional violation under § 1983. *Somers v. Thurman,* 109 F.3d 614, 622 (9th Cir.1997) ("verbal insults" do not create a constitutional deprivation); *Freeman v. Arpaio,* 125 F.3d 732, 738 & n. 6 (9th Cir.1997) (verbal abuse alone is not a constitutional violation); *Chavez v. United States*, No. CV-01-00245-TUC-FRZ, 2014 WL 4371435, at *20 (D. Ariz. Sept. 4, 2014) ("mere threats or harsh words [are] not enough to violate constitutional rights") (*citing King v. Olmstead Cnty.,* 117 F.3d 1065, 1067 (8th Cir.1997); *Nunez v. City of Los Angeles,* 147 F.3d 867, 875 (9th Cir.1998); *Arnold v. United States,* 816 F.2d 1306 (9th Cir.1987); *Pittsley v. Warish,* 927 F.2d 3, 7 (1st Cir.1991)).

/ / /

The Complaint alleges that Tal Parker violated Plaintiffs' Fourth Amendment rights

---

[12] The Complaint does not go on to state what Watkins allegedly threatened.

14

when he "threatened to arrest us because we demanded that whoever was in power of our items be arrested and charges filed. He never let us identify our stolen possessions. He then put together a group of his deputies and friends several trucks and trailers with the original thieves and took it all back to my property without my permission. Cut a lock again and began planting evidence and destroying what was left." (Doc. 1, ¶ 1(cc)). As for the "threat" to arrest, again verbal abuse and threats do not give rise to a constitutional violation under § 1983. *Somers,* 109 F.3d at 622; *Freeman,* 125 F.3d at 738 & n. 6; *Chavez*, at *20. As for the other allegations, while Plaintiffs *do not* allege that Parker took their property, Plaintiffs do allege that Parker returned all of Plaintiffs' possessions to the premises.[13] As alleged, any wrongdoing on the part of the unnamed persons who *took* the possessions, was rectified when Parker returned all of Plaintiffs' possessions. Finally, regarding the lock-cutting and entering the premises, the Complaint alleges that Plaintiffs were evicted from the premises, and therefore Parker would not need Plaintiffs' permission to enter the premises and Plaintiffs were not entitled to place a lock on the property of another.

The Complaint alleges that Robert Watkins "[s]tated we could not file a report unless it came through him. Stated we had no rights in Cochise county" (Doc. 1, p. 28, ¶ 1(y)). This does not state any conduct indicative of any use of force and verbal statements alone do not give rise to constitutional claims. *Somers,* 109 F.3d at 622; *Freeman,* 125 F.3d at 738 & n. 6; *Chavez*, at *20.

The Complaint alleges that Cochise County Fire Chief "[i]f at any point he was knowledgeable of the transgressions of Cochise county Sheriff and did nothing" (Doc.1, p. 31, ¶ 1(gg)). There is no constitutionally imposed duty to intervene in the presence of alleged verbal abuse and verbal abuse does not give rise to a constitutional violation and the Complaint does not affirmatively allege that this unnamed (and nonexistent) official *actually*

---

[13]  With respect to Defendant Parker, while Plaintiffs allege Parker's involvement in actions to return property to the Rental Premises, they *do not* allege his involvement in *seizing* their property to begin with.

knew or did anything.

The Complaint alleges that Jane Doe #2 "[w]as knowledgeable of transgressions of Cochise county Sheriff and did nothing." (Doc. 1, p. 34, ¶ 1(rr)). Again, there is no constitutionally imposed duty to intervene in the presence of alleged verbal abuse and verbal abuse does not give rise to a constitutional violation. *Somers,* at 622; *Freeman,* at 738 & n. 6; *Chavez*, at *20.

And last, the Complaint contains no allegations of the County Sheriff's direct involvement in any actions or any conduct by the Sheriff whatsoever. As such, no constitutional claim(s) can be maintained against the Sheriff.

None of this conduct constitutes *any* use of force, much less an excessive use of force. None of the alleged conduct states a factual basis for a constitutional violation. Furthermore, Plaintiffs have not alleged any authority to demonstrate that it is clearly established that the aforementioned conduct violates the Fourth Amendment right to be free from excessive force. Therefore, Plaintiffs' Excessive Force claim must be dismissed as the Complaint fails to plausibly plead any such claim and the factual basis therefore.

### 3.   *Plaintiffs' Conclusory Allegations do not Support a Fourth Amendment Unreasonable Search Claim*

The Complaint alleges a search occurred, which violated Plaintiffs' constitutional rights. The Complaint discusses Plaintiffs' eviction from the Rental Premises and the presence of unnamed sheriff's office personnel during the eviction at the Rental Premises.

Here, Plaintiffs lack standing to assert an unlawful search claim as the Complaint acknowledges that Plaintiffs were evicted from the allegedly searched premises. Based on the Complaint, it would appear that the County defendants were present for the eviction at the request of the landowner(s) and/or the direction of the local court. Even if the County Defendants lacked permission to be on the premises, Plaintiffs, as they allege, were not the landowners and *were not even land occupants or possessors* at the time, as they acknowledge in the Complaint. Therefore, Plaintiffs lack standing to raise this claim as it is pled in the Complaint.

Next, as above, none of the allegations raised in pages 5-10 of the Complaint are alleged to have been committed by *any* of the individual County Defendants. Accordingly, each of the individual County Defendants are entitled to Qualified Immunity against any constitutional claim(s) resting on those allegations.

Second, the allegations arising from nothing more than the alleged verbal statements of Veronica Doe, Jane or John Doe, Robert Watkins, Curtis Watkins, and Tal Parker do not give rise to any constitutional violation.

Third, the Complaint's allegations that Tal Parker returned to the premises, from which Plaintiffs were previously evicted, cut a lock and entered the premises-Plaintiffs lack standing to allege a Fourth Amendment violation on behalf of the property owner(s). Plaintiffs' factual statement begins with their eviction from the property. As a result, Plaintiffs had no remaining rights or interests in the property when Parker allegedly returned and entered the premises. Therefore, Plaintiffs lack standing to allege a fourth amendment claim on behalf of the property owner(s). Furthermore, Plaintiffs have not raised any clearly established law demonstrating that any of the aforementioned conduct violates one's Fourth Amendment right to be free from an unreasonable search.

Fourth, as to Plaintiffs' allegations against the Fire Chief and Jane Doe #2, that they may have known of the "transgressions and did nothing," there is no duty to intervene in a nonexistent constitutional violation and none of the aforementioned conduct violated Plaintiffs' Fourth Amendment right to be free from unreasonable searches.

And last, the Complaint contains no allegations of the Sheriff's direct involvement in any actions or any conduct by the Sheriff whatsoever. As such, no constitutional claim(s) can be maintained against the Sheriff.

Therefore, Plaintiffs' Search claim must be dismissed as the Complaint fails to plausibly plead any such claim and the factual basis therefore.

### 4. *Plaintiffs' Conclusory Allegations do not Support a Fourteenth Amendment Due Process Claim*

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).

Plaintiffs were allegedly deprived of their property when they were evicted and this eviction somehow resulted in their deprivation from unspecified property, provisions, and medical care. (Doc. 1, pp. 6-10). However, Plaintiffs' Complaint does not necessarily challenge the basis, duration, method, or manner of their deprivation from their unspecified property, access to provisions, and access to healthcare. Nor does the Complaint express factual allegations stating how the Defendants are alleged to have caused or maintained these vague deprivations. Likewise, the Complaint does not express whether the alleged due process violation was procedural or substantive.

When a complaint does not allege any official conduct that purportedly shocks the conscience, such claim rests on a procedural due process violation resulting in or from the deprivation of their property.

A procedural due process violation "requires the familiar two-stage analysis: We must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of 'life, liberty or property'; [and] if protected interests are implicated, we then must decide what procedures constitute 'due process of law.'" *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1031 (9th Cir. 2012) (*quoting Ingraham v. Wright,* 430 U.S. 651, 672 (1977)). To be clear, Plaintiffs had no constitutionally protected right to leave their possessions unattended on the premises from which they were evicted. But, to any extent their claim encompasses their continued ownership of their personal property, we may apply the two-step analysis.

The Complaint does not allege that Defendants failed to provide them with notice of their impending eviction or that their access to property may be affected. (Doc. 1); *Lavan*, 693 F.3d at 1032 ("due process requires law enforcement 'to take reasonable steps to give notice

that the property has been taken so the owner can pursue available remedies for its return'"") (*citing City of West Covina v. Perkins*, 525 U.S. 234 240 (1999)). Rather, the Complaint acknowledges that Plaintiffs knew where to go to seek the return of their property, were denied the opportunity to "identify" their belongings, and that Defendant Parker later returned all the property. (Doc. 1, ¶ 1(cc)). Accordingly, the Complaint acknowledges that within an unspecified period, Plaintiffs' property was returned by Parker.

First, as above, none of the allegations raised in pages 5-10 of the Complaint are alleged to have been committed by *any* of the individual County Defendants. Accordingly, each of the individual County Defendants are entitled to Qualified Immunity against any constitutional claim(s) resting on those allegations.

Second, the allegations arising from nothing more than the alleged verbal statements of Veronica Doe, Jane or John Doe, Robert Watkins, Curtis Watkins, and Tal Parker do not give rise to a constitutional violation.

Third, the Complaint's allegation that Tal Parker refused to "let [Plaintiffs] identify [their] possessions," and then returned all the possessions "back to Plaintiffs'] property," does not allege a constitutional violation. The Complaint *does not* allege Parker's involvement in the taking of the property, only that he allegedly refused to let Plaintiffs identify their property before he returned the property. With the return of the property, which Parker had not seized, any deprivation from said property was remedied and there is no Due Process deprivation for the Federal Court to address. Furthermore, there is no federal Fourteenth Amendment Due Process claim where the available state or local process and remedy(ies) already provide an appropriate avenue for relief, regardless of whether Plaintiffs availed themselves of the state or local process.

Fourth, as to Plaintiffs' allegations against Veronica Doe, that she "[d]enied [plaintiffs] the right to file,"[14] the Complaint provides absolutely no other information or context, as

---

[14] The Complaint does not elaborate on what filing was prevented, what matter(s) the filing concerned, or any other context surrounding the *denied filing*.

would be necessary to apprise Defendants of what it is that Plaintiffs allege violated their right(s).

Fifth, regarding the allegation that Robert Watkins "[s]tated we could not file a report unless it came through him." (Doc. 1, p. 28, ¶ 1(y)), the Complaint provides absolutely no other information or context, as would be necessary to apprise Defendants of what it is that Plaintiffs allege violated their right(s).

Sixth, as to the Fire Chief and Jane Doe #2, that they may have known of the County "transgressions and did nothing," there is no duty to intervene in a nonexistent constitutional violation and none of the aforementioned conduct violated Plaintiffs' Fourteenth Amendment due process rights.

And last, the Complaint contains no allegations of the Sheriff's direct involvement in any actions or any conduct by the Sheriff whatsoever. As such, no constitutional claim(s) can be maintained against the Sheriff.

Furthermore, Plaintiffs have not raised any clearly established law demonstrating that any of the aforementioned conduct violates one's Fourth Amendment right to be free from an unreasonable search.

Therefore, Plaintiffs' Fourteenth Amendment Due Process claim must be dismissed as the Complaint fails to plausibly plead any such claim and the factual basis therefore.

### 5. *The County Defendants are Entitled to Qualified Immunity against Plaintiffs' § 1983 Claims*

"Courts may not award damages against a government official in his personal capacity unless the official violated a statutory or constitutional right, and the right was clearly established at the time of the challenged conduct." *Lane v. Franks*, 573 U.S. 228, 243 (2014). Qualified immunity is not a mere defense but is immunity from suit altogether and "ordinarily should be decided by the court long before trial." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). The question of qualified immunity is for the Court, and not the trier of fact, to decide. *Id*. at 229.

Qualified immunity is analyzed under two prongs: (1) whether the facts the plaintiff

alleges make out a violation of a constitutional right; and (2) whether that right was clearly established at the time the defendant acted. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (*en banc*); *Orn v. City of Tacoma*, 949 F.3d 1167 (9th Cir. 2020). The Court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (noting that analyzing the first and then the second prong, while not mandatory, "is often beneficial[, ] promotes the development of constitutional precedent and is especially valuable with respect to questions that do not frequently arise in cases in which a qualified immunity defense is unavailable"); *O'Doan v. Sanford*, 991 F.3d 1027, 1036 (9th Cir. 2021) ("Although qualified immunity involves a two-step analysis, we may exercise our discretion to resolve a case only on the second ground when no clearly established law shows that the officers' conduct was unconstitutional." (citations omitted)).

When there is no controlling authority specifically prohibiting an official's conduct, the law *is not* clearly established, and the official is therefore entitled to qualified immunity. There is a strong presumption that public officials have properly discharged their official duties and to overcome that presumption the plaintiff must present clear evidence to the contrary. *Gardenshire v. Schubert*, 205 F.3d 303, 313 (6th Cir. 2000); *Hidahl v. Gilpin County DSS*, 938 F.2d 1150, 1155 (10th Cir. 1991).

"Courts should look to precedent for evidence that the unlawfulness of an officer's conduct is clearly established" regardless of whether the officer is alleged to have made a mistake of fact or a mistake of law. *J. K. J. v. City of San Diego*, 42 F.4th 990, 1001 n.4 (9th Cir. 2021). A right is clearly established *only when* it is "sufficiently definite that any reasonable official in the defendant's shoes would have understood he was violating it." *Nicholson v. City of Los Angeles*, 935 F.3d 685, 695 (9th Cir. 2019) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018)). "We begin our inquiry into whether this constitutional violation was clearly established by defining the law at issue in a concrete, particularized manner." *Shafer v. County of Santa Barbara*, 868 F.3d 1110, 1117 (9th Cir.

2017).

It is the plaintiff who bears the burden of showing that the rights allegedly violated were clearly established. *Id*. at 1118.  Moreover, the plaintiff must demonstrate that, at the time of the alleged violation, the state of the law gave fair warning that the relevant conduct was unconstitutional. *See Ballentine v. Tucker*, 28 F.4th 54, 64 (9th Cir. 2022).  While a plaintiff need not cite a case directly on point, binding precedent must place the constitutional question beyond debate; and the analysis must be undertaken in light of the specific context of the case, not as a broad general proposition. *Rivas-Villegas v. Cortesluna*, 142 S. Ct. 4, 7-8 (2021); *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *see also White v. Pauly*, 137 S. Ct. 548, 552 (2017). Here, Plaintiffs have not cited or even alluded to any such precedent.

The disposition of qualified immunity is easy here.   Because the Complaint does not plausibly allege a factual basis for any constitutional violation against any of the County Defendants and it does not provide any clearly established law that would have put any of the County Defendants on notice that their alleged conduct violates the U.S. Constitution, each of the individual County Defendants is entitled to Qualified Immunity. This also demonstrates the Complaint's fatal deficiencies in plausibly pleading any *Monell* municipal liability against the County. *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 742 (9th Cir. 2020)("there can be no *Monell* claim based on excessive force without an underlying constitutional violation by the officers") (*citing Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 63 (2007); *and Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of such force").

Because the individual County Defendants are entitled to Qualified Immunity, the federal claims against them must be dismissed.

## E. THE COUNTY DEFENDANTS ARE IMMUNE FROM PUNITIVE DAMAGES

While Plaintiffs' recitation and calculation of alleged damages is inconsistent and confusing, the sums stated therein may reflect an intent to allege the application of punitive

damages.

### 1.   No Punitive Damages for § 1983 Claims against Municipal Entity

*City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981), bars recovery of punitive damages in a § 1983 claim against a municipality.  *See also Bryan v. Las Vegas Metro. Police Dep't,* 349 F. App'x 132, 134–35 (9th Cir. 2009). As Plaintiffs' federal claims all rest on municipal entity liability, any punitive damages alleged must be dismissed.

### 2.   No Punitive Damages for State Law Claims Against Public Entity and Employee, When Acting in Scope of Public Employment

"Neither a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." A.R.S. § 12-820.04. Here, Plaintiffs make no claim that any Cochise County personnel were acting outside the scope of their employment and therefore any punitive damages alleged must be dismissed. *Carey v. Maricopa Cnty.*, 602 F. Supp. 2d 1132, 1144 (D.Ariz. 2009) ("Plaintiff makes no argument [] that Defendant Board Members were not acting within the scope of their duty at any point in the events for which they are liable. As such, Plaintiff is barred from recovering punitive damages on those state law claims.").

## IV.   <u>CONCLUSION</u>

For all the foregoing reasons: A) The Cochise County Sheriff and the Cochise County Fire Chief are nonjural entities and must be dismissed as defendants (all counts); B) Plaintiffs' state law claims must be dismissed for failure to comply with Arizona's Notice of Claim statute (Counts 3 and 5); C) Plaintiffs' state law claims must be dismissed for failure to comply with Arizona's statute of limitations(Counts 3 and 5); D) Plaintiffs' federal *Monell* claims against the County must be dismissed under Rule 12(b)(6) (Counts 1, 2, and 4); E) Plaintiffs' excessive force, unlawful search, and due process federal claims must also be dismissed as to all County Defendants pursuant to Rule 12(b)(6) and/or by application of Qualified Immunity

/ / /

/ / /

23

(Counts 1, 2, and 4); and F) any punitive damages claimed by Plaintiffs must also be dismissed.

DATED this 5th day of January 2024.

JELLISON & ROBENS, PLLC

By: s/ *James M. Jellison*
James M. Jellison, Esq.
Rodney F.W. States, Esq.
*Attorneys for Defendants Cochise County and Cochise County Sheriff, Deputy Curtis L. Watkins, Deputies John Doe, Jane Doe and "Veronica" Doe, Operations Commander Robert Watkins, Sergeant Tal Parker, and Cochise County Fire Chief*

## CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF system for filing and transmittal of a Notice of Electronic filing to the following registrants:

Marcus A. Hinton                                            *Via US First Class Mail & Email*
Veronica Hinton (POA)
Vanessa Hinton
201 W. Spruce Street
Unit 2003
Deming, NM 88031
Marcushinton21@yahoo.com
  *Plaintiffs pro per*

s/ *Rebecca L. Craft*