1  **JELLISON & ROBENS, PLLC**
   18801 North Thompson Peak Parkway
2  Suite D235
3  Scottsdale, Arizona 85255
   Telephone: 480.659.4244
4  Facsimile: 480.659.4255
5  JAMES M. JELLISON, ESQ., #012763
   jim@jrlawaz.com
6  RODNEY F.W. STATES, ESQ., #032444
7  rodney@jrlawaz.com
   *Attorneys for Defendants Cochise County and Cochise County Sheriff, Deputy Curtis L.*
8  *Watkins, Deputies John Doe, Jane Doe and "Veronica" Doe, Operations Commander*
   *Robert Watkins, Sergeant Tal Parker, and Cochise County Fire Chief*
9

10          **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE STATE OF ARIZONA**
12

13  | Marcus Hinton, Vanessa Hinton (POA), | Case No. CV-23-00482-TUC-JAS (MSA) |
14  Veronica Hinton, Truly Organic; and Great
    Day Transportation,                    **COUNTY DEFENDANTS' MOTION**
15                                          **TO STRIKE PLAINTIFFS'**
                        Plaintiffs,         **EMERGENCY MOTION TO SEAL**
16                                          **NAMES AND IDENTITIES**
    v.
17
    Cochise County, Cochise County Sheriff,  **[Doc. 18]**
18  Doni and William Mayer, Mark Brnovich,
19  Jane and John Does, Gregory G. McGill,
    Esq., Matt McGregor, Mark Kelly, Eric
20  DeRosia, Curtis L. Watkins, Lashawn
    Jenkins, Christopher Jeffries, Joshua
21  Turner, Robert Watkins, Tim Shay, Sgt.
22  Tal Parker, Wilcox Arizona Mayor,
    Cochise County Fire Chief, Douglas Police
23  Department Chief of Police, Benson Police
24  Department Chief of Police, Linda Bohlke,
    Stephen Scott, Sabrina Doe, and Amy Doe,
25
26                       Defendants.

27

28  / / /

Defendants Cochise County and Cochise County Sheriff, Deputy Curtis L. Watkins, Deputies John Doe, Jane Doe and "Veronica" Doe, Operations Commander Robert Watkins, Sergeant Tal Parker, and Cochise County Fire Chief (collectively "Defendants"), by and through counsel undersigned, hereby move to strike Plaintiffs' Emergency Motion to Seal Names and Identities at Doc. 18 pages 19-20, for its failure to satisfy Fed.R.Civ.P. 11 and several Local Rules and for Plaintiffs' failure to timely and properly respond to the Court's January 11, 2024 Orders (Doc. 28; Doc. 29) by January 22, 2024. Alternatively, Defendants request the Court deny Plaintiffs' Motion and admonish Plaintiffs for making utterly baseless claims of 'threats.' This Motion is supported by the following Memorandum of Points and Authorities.

### Memorandum of Points and Authorities

Plaintiffs' 12/19/23 Emergency Motion to Seal Names and Identities ("EMSNI") (Doc. 18, pp. 19-20) should be stricken for its failure to satisfy Fed.R.Civ.P. 11 and Plaintiffs' failure to timely and properly respond to the Court's January 11, 2024 Orders (Doc. 28; Doc. 29) by January 22, 2024.  Plaintiffs' EMSNI should also be stricken for its unexcused lack of compliance with Fed.R.Civ.P. 11(a), for its unexcused lack of compliance with L.R.Civ. 5.5(b) & (g), and 7.1(b)(1), and for its lack of procedural and sequential propriety.

Plaintiffs' EMSNI should otherwise be denied for its utter lack of factual and legal basis. Defendants categorically deny Plaintiffs' alleged basis for the 'fears' they claim to harbor. Defendants, and undersigned counsel, find Plaintiffs' claims and filing baseless, utterly disingenuous, and absolutely false.

### I.      RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Complaint on October 25, 2023 (Doc. 1) and served the Complaint upon Cochise County and the Cochise County Sheriff on November 20, 2023 (Doc. 9 and Doc. 10).  On January 10, 2024, the Court granted Defendant's Amended Motion to Extend Time to Answer Plaintiffs' Complaint, providing Defendants through January 10, 2024, to respond to the Complaint (Doc. 16 and Doc. 26).

1  However, in the interim, Plaintiffs filed an unsigned Emergency Motion to Seal
2  Names and Identities (hereinafter referred to as "EMSNI") (along with various other
3  'motions') on December 19, 2023 (Doc. 18, pp. 19 - 20). Plaintiffs were ordered to respond
4  to the Court's January 11, 2024, Orders (Doc. 28; Doc. 29) by January 22, 2024; which they
5  failed to properly and timely obey (Doc. 40).

6  **II.   APPLICABLE LAW**

7  **A. Motions to Strike**

8  **i.    *Strike for Failure to Comply with Rules***

9  A pleading can, and often should, be stricken for failure to comply with the federal
10  or local rules. *Mitchell v. United States*, 149 F. Supp. 2d 1111, 1115 (D. Ariz. 1999);
11  Fed.R.Civ.P. 11(a) (pleading must be signed and "[t]he court must strike an unsigned
12  paper"); L.R.Civ. 5.5(b) & (g) (pleadings must be signed); L.R.Civ. 7.1(b)(1) (pleadings
13  must be signed and properly formatted.  Here, Plaintiffs' EMSNI fails to satisfy the Rule
14  11(a) and Local Rules 5.5(b) & (g), and 7.1(b)(1).

15  **ii.    *Strike for Lack of Foundation***

16  Plaintiffs' Motion must be stricken for lack of foundation.

17  Factual assertions offered in a motion can, and often should, be stricken for lack of
18  foundation. *Green v. Maricopa Cnty. Cmty. Coll. Sch. Dist.*, 265 F. Supp. 2d 1110, 1122,
19  1126, 1132, 1133–35 (D. Ariz. 2003); L.R.Civ. 7.2(m)(2).

20  Here, Plaintiffs, without explanation or basis, claim they "fear greatly" for their lives
21  "by the defendants and their unknown accomplices[, i]ncluding Cochise county legal
22  representative," intimating, and then confirming, that the feared legal representative is
23  undersigned counsel for the County Defendants. (Doc. 18, p. 19 ¶ 1). Plaintiffs then recount
24  the efforts and communications of County Defendants' legal counsel's efforts to confer
25  regarding County Defendants' request for an extension of the complaint-response date.
26  Undersigned counsel for the County Defendants did not threaten Plaintiffs in any manner.
27  In fact, undersigned finds it disingenuous and unbelievable that Plaintiffs could have
28  *reasonably* interpreted counsel's conferral communications as threatening.

3

Legal counsel and pro se parties are required to confer prior to filing certain motions and/or taking certain actions. *See, e.g.*, L.R.Civ. 12.1(c). Beyond required conferrals, it is customary for counsel and pro se parties to confer to determine whether the other party opposes a motion or request, such as a continuance, so the moving party may so represent the opposition or lack thereof to the Court.

Plaintiffs' allegations lack factual foundation, are nakedly asserted in conclusory fashion without support, and lack basis in law. As such, Plaintiffs' EMSNI must be stricken.

### iii.    Strike for Improper Order, Sequence, and Lack of Fairness

Plaintiffs' Motion must also be stricken for its procedural impropriety.

A pleading can also, and should, be stricken for being filed before a pending pleading has been answered. *Golden Gate Hotel Ass'n v. City & Cnty. of San Francisco*, 18 F.3d 1482, 1485 (9th Cir. 1994). When granting the motion to strike in *Golden Gate*, the district court stated:

> It would be inappropriate for the court to consider further, unrequested briefing on a motion already briefed, argued, and submitted. In the same vein, then, it would be improper for the court, having taken one motion under submission, to consider a new motion that went to the merits of the submitted motion. At bottom here is a sense of fairness; a party should not be given a chance to rebrief one motion by filing a second motion. Defendants' second motion for summary judgment is nakedly an attempt to get another bite of the apple. This court only gives one bite.

*Id*.

A district court's decision to grant a motion to strike is reviewed for an abuse of discretion on appeal. *Golden Gate*, 18 F.3d at 1485 ("We review a district court's decision to grant a motion to strike unscheduled supplementary material for abuse of discretion") (internal citations omitted). Plaintiffs filed their EMSNI before their Complaint had been answered. Plaintiffs EMSNI attempts to prejudice Defendants and the Court's view/ruling on the pending Motion to Dismiss the Complaint.

4

Therefore, Plaintiffs' EMSNI should be stricken: **1**) for anyone, or the combination, of its failures to comply with the Federal *and* Local rules, including Fed.R.Civ.P. 11(a) and L.R.Civ. 5.5(b) & (g), 7.1(b); and 7.2(e)(1) & (i), *Mitchell v. United States*, *supra*; and/or **2**) for its utter lack of factual and legal support, *Green v. Maricopa Cnty. Cmty. Coll. Sch. Dist.*, *supra*; and/or **3**) because Plaintiffs' EMSNI was inappropriately and unnecessarily offered while Plaintiffs' Complaint remained pending and Defendants were entitled to respond thereto, *Golden Gate Hotel*, *supra*.

### B. Motions for Sealing, Redaction, or Protective Order of Information in a Filing

Plaintiffs' Motion must be denied for its utter lack of factual and legal basis. Furthermore, Defendants find it concerning that Plaintiffs add baseless allegations and fabrications at every turn.

First, there is no Federal or Local Rule providing for "Emergency" motions, pleadings, or filings of any kind. Fed.R.Civ.P.; L.R.Civ.

Fed.R.Civ.P. 5.2 provides *privacy protection for filings made with the Court*; however, "[a] person waives the protection of [this Rule] as to the person's own information by filing it without redaction and not under seal." *Id*. at Sub. (h). Furthermore, Plaintiffs wholly lack the requisite "good cause" to justify a protective order - particularly as their purported basis for the motion are the conferral communications with Defendants' counsel and these communications neither communicated, constituted, or otherwise represented any threat nor did it constitute any other reasonable 'cause' for Plaintiff's fears, claims, or motion. *See also* L.R.Civ. 5.6.

### III.   CONCLUSION

For the foregoing reasons cited above, Defendants respectfully request the Court strike Plaintiffs' Emergency Motion to Seal Names and Identities (Doc. 18, pp. 19 - 20). Alternatively, Defendants request the Court deny Plaintiffs' Motion and admonish Plaintiffs for making utterly baseless claims of 'threats.'

A [Proposed] Order is filed concurrently herewith as Exhibit A.

DATED this 2nd day of February 2024.

JELLISON & ROBENS, PLLC


s/ *Rodney F. W. States*
 James M. Jellison, Esq.
 Rodney F.W. States, Esq.
 *Attorneys for Defendants Cochise*
 *County and Cochise County Sheriff,*
 *Deputy Curtis L. Watkins, Deputies*
 *John Doe, Jane Doe and "Veronica"*
 *Doe, Operations Commander Robert*
 *Watkins, Sergeant Tal Parker, and*
 *Cochise County Fire Chief*


## CERTIFICATE OF SERVICE


I hereby certify that on February 2, 2024. I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail if not a registrant:


Marcus A. Hinton                                           *Via First Class Mail & Email*
Veronica Hinton (POA)
Vanessa Hinton
201 W. Spruce Street, Unit 2003
Deming, NM 88031
T: 520.637.9288
*Marcushinton21@yahoo.com*
 *Plaintiffs pro per*



By: s/ *Rebecca L. Craft*