**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Hinton, et al., | No. CV-23-00482-TUC-JAS (MSA) |
| Plaintiffs, | **ORDER** |
| v. | |
| County of Cochise, et al., | |
| Defendants. | |

This matter is on referral to Magistrate Judge Maria S. Aguilera for pretrial proceedings. The Court will rescind the referral in part and address most of the pending motions, including Plaintiffs' motions for injunctive relief and motions for summary judgment. The Court will also address Plaintiffs' failure to serve numerous Defendants.

**I.  Plaintiffs' December 2023 Motions (Doc. 18) and January 10, 2024 "Motion for Summary Judgement Amendment And Clarity" (Doc. 27)**

On December 19, 2023, Plaintiffs filed several motions that were docketed in a single filing. (Doc. 18.) Each motion is taken in turn.

First, Plaintiffs filed a "Motion for Summary Judgment." (Doc. 18 at 1–18.) Later, on January 10, 2024, Plaintiffs filed a "Motion for Summary Judgement Amendment And Clarity." (Doc. 27.) Then, on January 22, Plaintiffs filed an "Amended Motion For Summary Judgment And Damage Relief." (Doc. 34.) The Court finds that the first and second motions are superseded by the third motion. Therefore, the Court will deny the first and second motions as moot.

Second, Plaintiffs filed an "Emergency Motion to Seal Names and Identities." (Doc. 18 at 19–20.) Later, on January 22, Plaintiffs filed an "Emergency Motion to Seal Names and Identities Amendment." (Doc. 31.) The Court finds that the first motion is superseded by the second motion. Therefore, the Court will deny the first motion as moot.

Third, Plaintiffs filed an "Emergency Motion to Investigate and Detain or Charge." (Doc. 18 at 21–22.) Plaintiffs argue that Cochise County Sheriff's deputies broke into their property, planted evidence, and committed theft. Plaintiffs assert that those individuals are an "extreme danger" whose conduct constitutes "domestic terrorism." They request that "this case be referred immediately . . . to . . . the FBI," to "the head of the DOJ Attorney General," and to "the Biden Administration." They also request that any individual who participated in the break-in be "forced . . . to provide legal grounds and or documentation" justifying their actions and, if they cannot, that the Court "immediately charge each individual . . . to the fullest ext[ent] of the law."

Plaintiffs have not cited any legal authority supporting their request for a criminal investigation, so that request will be denied. Their request that Defendants be ordered to turn over evidence justifying their actions will also be denied. That is a discovery matter, and this case has not yet proceeded past the pleading stage. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have [had a discovery conference] as required by Rule 26(f)."). Plaintiffs' request that Defendants be criminally charged will be denied as well. The power to charge rests with government prosecutors, not with this Court. *See Wayte v. United States*, 470 U.S. 598, 607–08 (1985).

Fourth, Plaintiffs filed an "Emergency Injunction to Freeze Assets / Evidence." (Doc. 18 at 23–24.) Plaintiffs request that the Court "immediately issue an injunction freezing all assets/Evidence of all Cochise County" employees who were involved in the destruction of their home and theft of their property. Plaintiffs have not addressed any of the requirements for obtaining injunctive relief, so this request will be denied. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (listing the requirements). Separately, the Court finds that the requested injunction is far too broad. "[I]njunctive relief should be

no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979). Plaintiffs desire to seize or freeze "all Pensions, SSI, Real estate, Bank accounts, Stocks or Bonds, personal property, animals, gifts, furnishings, devices, Decor, recordings, Valuables, any sales of any kind, text, emails, debit cards, credit cards, library cards, loans, radio communication, and any other forms of communication." That would be overly burdensome to Defendants and is unnecessary for Plaintiffs to obtain complete relief.

Fifth, Plaintiffs filed a "Motion to Submit Video Evidence/Communicate Electronically." (Doc. 18-1 at 11.) Generally, evidence may be submitted to the Court in connection with a motion, but Plaintiffs do not specify which motion is supported by their video evidence. Given that omission, and that all of Plaintiffs' other motions are meritless in any event, Plaintiffs' request to submit evidence will be denied. Plaintiffs also request "permission to file and receive all further documents and communications related to this case electronically." This request will be denied without prejudice. Plaintiffs must make their request for electronic noticing and filing privileges using the Court-approved forms, which are available on the Court's website <https://www.azd.uscourts.gov/forms/forms-self-represented-litigants>.

Sixth, and finally, Plaintiffs filed a "Motion to Share Evidence with Public." (Doc. 18-1 at 12.) Plaintiffs request "permission to share all evidence with the public including a 14 feet high and 48 feet wide video billboard [on] Interstate 10." They say that this would help them obtain legal representation and help identify others who have been victimized by Defendants. This request is not supported by legal authority and will therefore be denied. Moreover, Plaintiffs do not need the Court's permission to put up a billboard or otherwise communicate with the public.

**II.    Plaintiffs' "Emergency Motion to Seal Names and Identities Amendment" (Doc. 31)**

Plaintiffs request that the Court "seal [their] names and businesses from public view to protect [their] identities and safety." They assert that they "fear greatly for [their] lives

1  by the defendants and their unknown accomplices" and that they "believe the defendants
2  and their accomplices will go to great lengths to further silence [them] from from [sic]
3  justice." Plaintiffs also request that the Court "provide government protection for the next
4  ten years" and "request federal investigations into what other ways, tactics and or means
5  defendants have used to further locate and or further oppress [them]."

Plaintiffs' motion will be denied. At the outset, the Court does not understand what the requested relief would accomplish, since Defendants already know Plaintiffs' names and identities. In any event, Plaintiffs have not overcome the "strong presumption in favor of" public access to judicial documents. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To have a judicial record sealed, Plaintiffs must "articulate[] compelling reasons supported by specific factual findings." *Id.* (alteration in original) (quoting *Foltz*, 331 F.3d at 1135). Plaintiffs have not done so here.

In support of their request, Plaintiffs describe two phone calls that they had with defense counsel. The first involved a defense request for an extension of time to respond to the complaint. Plaintiffs refused to stipulate to an extension, and the call ended amicably. The second call involved a discussion about the bases for Defendants' then-yet-to-be-filed motion to dismiss. While Plaintiffs interpreted counsel's statements to be threats, the Court does not see anything threatening in Plaintiffs' description of the call. Under this District's local rules, before a party may file a motion to dismiss, he must "notif[y] the opposing party of the issues asserted in the motion" so that the parties can try to resolve those issues without Court intervention. LRCiv 12.1(c). Counsel's explanation of his legal arguments and request for dismissal was in accordance with the foregoing rule.

Plaintiffs next say that, on January 1, 2024, they received a Facebook message from the Cochise County Sheriff's Office. The message states: "Hi Marc! Please let us know how we can help you." Plaintiffs say that their account did not have their real names attached to it and was not actively used, so they believe that the message was an implied threat that Defendants had found them and could find them again in the future. These

allegations are troubling. However, Plaintiffs have not submitted any information in proper evidentiary form, so they are still just allegations. They do not overcome the strong presumption of public access to judicial records.

### III. Plaintiffs' "Amended Motion For Summary Judgment And Damage Relief" (Doc. 34) and "Amendment Motion: Statement of Facts/Claims why plaintiff's are entitled to relief" (Doc. 39)

Plaintiffs seek summary judgment under Federal Rule of Civil Procedure 56. Their Motion does not comply with the local rules and will therefore be stricken. As relevant here, Local Rule of Civil Procedure 56.1 provides:

> **(a) Separate Statement of Facts.** Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. The separate statement should include only those facts that the Court needs to decide the motion. Other undisputed facts (such as those providing background about the action or the parties) may be included in the memorandum of law, but should not be included in the separate statement of facts. Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion.
>
> . . . .
> . . . .
> . . . .
>
> **(e) Citations in Memoranda.** Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies in support of or in opposition to the motion.

Plaintiffs' Motion does not comply with this rule. Most of their statements of fact are not supported with references to specific admissible portions of the record, and their memorandum of law does not contain "citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda." LRCiv 56.1(e).[1] As a result, the Court will strike Plaintiffs' Motion. *See Nickolich v. Ariz. Cmty. Prot. & Treatment Ctr.*,

---

[1] The Court also notes that none of the documents appended to Plaintiffs' motion is supported by an affidavit or a stipulation. *See* Fed. R. Civ. P. 56(c).

No. CV-19-04381-PHX, 2021 WL 1293278, at *5 (D. Ariz. Apr. 7, 2021) (striking a motion for summary judgment that did not comply with Rule 56.1).

### IV.     Plaintiffs' "Motion for Injunctive Relief" (Doc. 49)

Plaintiffs ask that (1) defense counsel and their clients be ordered to communicate with Plaintiffs only through the Court, that (2) the Court "resinstate[] . . . their civil rights," that (3) Defendants release the property that they improperly seized as evidence, and that (4) Defendants not receive any further time extensions. The first request will be denied. Parties are often required to communicate with each other without Court supervision, so Plaintiffs' proposal is not feasible or practical. *See, e.g.*, Fed. R. Civ. P. 26(f)(1). The second request is non-cognizable. Plaintiffs have civil rights, and, if their rights were violated, they can pursue a remedy in court. But a violation of their rights does not equate to them having no rights. The third request will be denied because Plaintiffs have not addressed any of the requirements for obtaining injunctive relief. *See Winter*, 555 U.S. at 20. Finally, because there are numerous good reasons for why a party might need additional time, and the Court cannot know the reasons for any future request, the Court will deny Plaintiffs' request that no further extensions be granted. Plaintiffs are free to oppose any future requests by Defendants for an extension.

### V.     Plaintiffs' "Motion of Clarification / Demand" (Doc. 50)

Plaintiffs request that defense counsel be ordered to identify the Cochise County employees who were involved in the events giving rise to this case, to confirm which county employees they are representing, and to produce all documents relating to their eviction and the seizure of their property. Their request will be denied. As previously noted, this case is at the pleading stage. For now, the Court accepts all well-pleaded allegations in the Complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The exchange of documents and other information occurs at a later stage. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have [had a discovery conference] as required by Rule 26(f)."). And defense counsel have already confirmed which parties they are representing. (Docs. 15, 22.)

**VI. Plaintiffs' "Motion to Restrict Abusive Litigation" (Doc. 79)**

Plaintiffs request that the Court disregard all the County Defendants' filings until they produce the evidence showing that their actions were justified. As just noted, this case is at the pleading stage, not the discovery stage where information is exchanged. Plaintiffs also request that defense counsel be ordered to cease their allegedly abusive litigation tactics. Plaintiffs have not established that defense counsel did anything abusive or unethical, however, so the Court declines to take any action in that regard. Plaintiffs' motion will be denied.

**VII. Defendants' Motions to Strike**

Defendants filed numerous motions to strike. One of the motions is directed at a document titled "Amended Motion to Dismiss." (Doc. 52.) That document is not a motion; it is Plaintiffs' amended response to Defendants' Motion to Dismiss. The Court accepts the amended response and will thus deny Defendants' Motion to Strike. Defendants' remaining Motions to Strike target documents that the Court has otherwise addressed above. Therefore, they will be denied as moot.

**VIII. Plaintiffs' Failure to Serve**

Judge Aguilera issued an Order to Show Cause directing Plaintiffs to explain why they had not yet filed proof of service on certain Defendants and to explain why there was good cause for an extension of the service deadline. Plaintiffs were warned that a failure to show good cause would result in dismissal of the specified Defendants. (Doc. 36.) In response, Plaintiffs state that they understand they must serve all Defendants but that they simply cannot afford to do so. They "request" that all but the County Defendants and Defendants Doni and William Maers be dismissed without prejudice. (Doc. 84.)

The Court is not unsympathetic to Plaintiffs' situation, but Plaintiffs have not shown good cause for an extension of time. "At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Good cause may also exist where the plaintiff shows that "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would

be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987) (per curiam)). Plaintiffs' financial difficulties do not equate to excusable neglect. *Long v. McAfee*, No. 19-cv-00898, 2020 WL 1309973, at *10 (E.D. Cal. Mar. 19, 2020), *R. & R. adopted by* 2020 WL 2307305 (May 8, 2020). Nor have Plaintiffs provided any reason to believe that the three foregoing factors support an extension of time. Indeed, they request that most of the Defendants be dismissed.

The Court finds that Plaintiffs have not shown good cause for a mandatory extension of time. Nor does the Court believe that a discretionary extension of time is appropriate. *See In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (stating that the court has discretion to extend the service period even in the absence of good cause). Therefore, the Court will dismiss the Defendants who have not been served.

**IT IS ORDERED:**

1. Plaintiffs' December 2023 Motions (Doc. 18) are **DENIED IN PART AS MOOT** and **DENIED IN PART ON THE MERITS**, as set forth above.

2. Plaintiffs' "Motion for Summary Judgement Amendment And Clarity" (Doc. 27) is **DENIED AS MOOT**.

3. Plaintiffs' "Emergency Motion to Seal Names and Identities Amendment" (Doc. 31) is **DENIED**.

4. Plaintiffs' "Amended Motion For Summary Judgment And Damage Relief" (Doc. 34) and "Amendment Motion: Statement of Facts/Claims why plaintiff's are entitled to relief" (Doc. 39) are **STRICKEN**.

5. Plaintiffs' "Motion for Injunctive Relief" (Doc. 49) is **DENIED**.

6. Plaintiffs' "Motion of Clarification / Demand" (Doc. 50) is **DENIED**.

7. Plaintiffs' "Motion to Restrict Abusive Litigation" (Doc. 79) is **DENIED**.

8. Defendants' Motion to Strike (Doc. 65) is **DENIED**.

9. Defendants' Motion to Exceed Page Limit (Doc. 53), Motions to Strike (Docs. 42, 43, 44, 45, 47, 48, 54, 60, 61, 62, 63, 66), and Motion for Leave to File Nonelectronic Exhibits (Doc. 57) are **DENIED AS MOOT**.

10. The Clerk of Court is directed to modify the docket to accurately reflect the following Defendants and their representation status:

- Doni Maers (erroneously named in the Complaint as "Doni Mayer"), who is self-represented;
- William Maers (erroneously named in the Complaint as "William Mayer"), who is self-represented; and
- Cochise County, Cochise County Sheriff, Unknown Party (named as "Veronica, internal affairs Cochise county sheriffs department"), Unknown Party (named as "Jane doe or John Doe, Cochise county internal affairs"), Curtis L. Watkins, Unknown Party (named as "Jane doe, Cochise county dispatch respondent"), Robert Watkins, Sgt. Tal Parker, Cochise County Fire Chief, and Unknown Party (named as "Cochise County, Female Officer in video"), all of whom are represented by attorneys James M. Jellison and Rodney F.W. States of Jellison & Robens, PLLC.

11. All other Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to complete service of process.

12. The filing bar entered on February 26, 2024 (Doc. 78), is **LIFTED**.

13. The referral of this matter to Magistrate Judge Maria S. Aguilera is **RESCINDED IN PART** to the extent that this Court has resolved the foregoing motions and issues. The referral otherwise remains in effect.

Dated this 10th day of May, 2024.

Honorable James A. Soto
United States District Judge