**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Hinton, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>County of Cochise, et al.,<br><br>    Defendants. | No. CV-23-00482-TUC-JAS (MSA)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiffs Marcus, Vanessa, and Veronica Hinton bring this lawsuit against twenty-four Defendants. Before the Court is the six County Defendants' motion to dismiss the first amended complaint. The Court will recommend that the motion be granted. The Court will further recommend that sixteen of the remaining Defendants be dismissed for failure to serve and failure to state a claim.[1]

**I.   Factual Allegations**

The first amended complaint contains the following allegations: Plaintiffs rented a home from Doni and William Maers under a lease-to-own agreement. (Doc. 101, ¶ 3.) They remained in good standing under the agreement at all relevant times. (*Id.*) Plaintiffs had contracts with Walmart and Sam's Club and used ingredients grown on the rental property

---

[1]   The Court intended to recommend dismissal of the Maerses with prejudice pursuant to the bankruptcy court's order of discharge, which discharges the Maerses' liability on Plaintiffs' claims. (Doc. 107; *see* Docs. 8, 19 in 24-bk-05191-BMW.) However, on June 9, 2025, Plaintiffs filed an adversary complaint to reverse the discharge. (Doc. 1 in 25-ap-00178-BMW.) The bankruptcy judge has given Plaintiffs thirty days to move to reopen the underlying bankruptcy proceeding. (Doc. 2 in 25-ap-00178-BMW.) As such, the Court will not yet issue a recommendation regarding the Maerses.

1  to fulfill the orders. (*Id.* ¶ 4.)

2       On November 17, 2021, Plaintiffs were working in their barn when they noticed a
3  fire on the other side of the property. (*Id.* ¶ 5.) Plaintiffs rushed over to the fire and saw
4  that "the sheriffs and other officials" were there removing Plaintiffs' personal property.
5  (*Id.*) The "fire chief" told Plaintiffs that they had to be escorted off the property for safety
6  reasons, and they were driven down the road and dropped off to wait for an Uber. (*Id.*)
7  Plaintiffs were never given information about the source of the fire or about where their
8  personal items were taken. (*Id.*)

9       After that date, Plaintiffs were allowed temporary and limited access to the rental
10 property up until December 1, 2021. (*Id.*) During that time, Plaintiffs returned to feed their
11 animals and relock the property after multiple break-ins by "the county and sheriffs." (*Id.*)
12 On November 25, William Maers called Plaintiffs and stated that he and Doni Maers were
13 taking the property back. (*Id.*) Plaintiffs were never served with a notice of eviction. (*Id.*)
14 Plaintiffs were called racial slurs while being illegally evicted. (*Id.*)

15      Plaintiffs posted an offer of reward for the return of their stolen property. (*Id.* ¶ 6.)
16 "Law enforcement" contacted Plaintiffs to ask them to take the post down and to direct
17 them to an address in Benson, Arizona to identify trailers of stolen property. (*Id.*) On
18 December 1, "Benson police" violated Plaintiffs' rights, and Plaintiffs returned to their
19 rental property to check for further break-ins. (*Id.*) While leaving the property, Plaintiffs
20 saw "the county, the sheriffs, and the individuals in plain clothes in Benson" heading
21 toward their property. (*Id.*) Plaintiffs caught "the county, the sheriffs and these plain clothes
22 individuals" planting "machinery, weapons, and drugs" on the rental property. (*Id.*) They
23 also saw "law enforcement officials" loading up more of their personal property. (*Id.* ¶ 7.)

24      Plaintiffs allege two civil rights claims, one under the Fourth Amendment, the other
25 under the Fourteenth Amendment; a claim under the Racketeer Influenced and Corrupt
26 Organizations Act (RICO); and a claim of housing discrimination. (*Id.* ¶¶ 10–13.)

27 . . . .

28 . . . .

## II. Discussion

### A. The County Defendants' Motion to Dismiss

#### 1. Section 1983 – Fourth Amendment and Due Process

"To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (quoting *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006)). Plaintiffs allege § 1983 claims against Cochise County, the Cochise County Fire Chief, the Cochise County Sheriff, Curtis Watkins, Robert Watkins, and Sergeant Tal Parker.

**Cochise County.** As a municipality, Cochise County cannot be held liable "under § 1983 solely because an injury was inflicted by its employees or agents." *Long*, 442 F.3d at 1185 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Cochise County can be held liable only for constitutional violations that result from "(1) official policies; (2) pervasive practices or customs; (3) failures to train, supervise, or discipline; or (4) decisions or acts by policymakers." *Sabbe v. Wash. Cnty. Bd. of Comm'rs*, 84 F.4th 807, 829 (9th Cir. 2023) (citing *Monell*, 436 U.S. at 690–95). The County Defendants argue that Plaintiffs have not alleged any basis for municipal liability. (Doc. 108 at 6–7.) The Court agrees. Plaintiffs allege that they were harmed by unidentified county officials, but they do not allege facts indicating that those officials' actions were the result of an official policy, an unofficial custom, a policymaker's decision, or a failure to train, supervise, or discipline. As such, Plaintiffs fail to state a claim against Cochise County.

**Fire Chief.** The County Defendants point out that the only allegation involving the Fire Chief is that he had Plaintiffs escorted off the scene of an active fire for safety reasons. (Doc. 108 at 5; Doc. 101, ¶ 5.) They argue that that allegation does not state a plausible claim against the Fire Chief. (Doc. 108 at 5.) The Court agrees. The Fire Chief's alleged conduct was reasonable and does not support the inference that he or she violated Plaintiffs' Fourth Amendment rights or right to due process. Thus, Plaintiffs fail to state a claim

against the Fire Chief.

**Sheriff, Curtis Watkins, Robert Watkins, and Sergeant Tal Parker.** The County Defendants argue that there are no allegations whatsoever about these individuals, and that Plaintiffs have therefore failed to state a claim against them. (Doc. 108 at 5.) The Court agrees. Plaintiffs were previously informed that, when alleging a § 1983 claim, it is not proper to refer to all Defendants generally. (Doc. 94 at 13.) This is because the statute creates liability only for those who "subject" another to a constitutional violation, 42 U.S.C. § 1983, and the word "subject" means to "do[] an affirmative act, participate[] in another's affirmative acts, or omit[] to perform an act which he is legally required to do," *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). If there are no allegations about what a defendant did or did not do, then it cannot be inferred that the defendant "subjected" the plaintiff to a constitutional violation. Here, Plaintiffs refer generally to "sheriffs" and "law enforcement." There are no allegations about what each named Defendant did or did not do. As a result, Plaintiffs fail to state a claim.

The County Defendants also assert that they are entitled to qualified immunity. They argue that because the first amended complaint "does not plausibly allege a factual basis for any constitutional violation against any of the individual Cochise County Defendants" that the complaint also fails to allege "conduct that violates clearly established law." (Doc. 108 at 9.) This argument is not persuasive. "For a court to determine that a state actor is not entitled to qualified immunity under section 1983, there must be a constitutional violation on the facts alleged, and the constitutional right violated must be 'clearly established.'" *Benavidez*, 993 F.3d at 1151 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The Court cannot determine whether the constitutional right violated is clearly established if there is no violation of a right to begin with. *See id.* (moving on to the clearly-established prong only after finding that the complaint plausibly alleged a constitutional violation). Thus, the Court will recommend deferring on the qualified-immunity analysis.

. . . .

. . . .

### 2. RICO

A RICO claim has five elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Glob. Master Int'l Grp. v. Esmond Nat., Inc.*, 76 F.4th 1266, 1271 (9th Cir. 2023) (quoting *United Bhd. of Carpenters. v. Bldg. & Constr. Trades Dep't*, 770 F.3d 834, 837 (9th Cir. 2014)). The County Defendants argue that Plaintiffs fail to allege any predicate acts. (Doc. 108 at 11.) The Court agrees. Plaintiffs allege that the County Defendants committed robbery in violation of state law. But robbery requires threats of force or use of force, and there is no allegation that any of the named County Defendants threatened or used force (or did anything else). A.R.S. § 13-1902(A). Plaintiffs also allege that the County Defendants "engag[ed] in a monetary transaction in criminally derived property" in violation of 18 U.S.C. § 1957(a), but there is no allegation that the named County Defendants sold any property (or did anything else). Thus, the County Defendants are correct that Plaintiffs offer "only threadbare and conclusory allegations" of predicate acts. (Doc. 108 at 11.) Plaintiffs thus fail to state a RICO claim.

### 3. Fair Housing Act

As relevant here, the Fair Housing Act makes it unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a). The County Defendants argue that Plaintiffs make "no plausible allegation any Cochise County Defendant refused to sell or rent a dwelling after making a bona fide offer, or refused to negotiate for the sale or rental of a property, or make it unavailable or deny access, due to race." (Doc. 108 at 11–12.) The Court agrees. Plaintiffs allege vaguely that "racial epithets were directed" at them on December 1. While that is reprehensible, it does not support the inference that the County Defendants, who are not alleged to have had any authority to sell or rent the property, engaged in housing discrimination based on Plaintiffs' race. Thus, Plaintiffs fail to state a claim.

\* \* \*

Plaintiffs fail to state a claim against the County Defendants. Therefore, the Court will recommend that the County Defendants' motion to dismiss be granted.

### B.    Sua Sponte Dismissal of Sixteen Defendants

The first amended complaint names the following Defendants: Mark Brnovich, Jane and John Does, Gregory G. McGill, Matt McGregor, Mark Kelly, Eric DeRosia, Joshua Turner, Tim Shay, Wilcox Arizona Mayor, Douglas Police Department Chief of Police, Benson Police Department Chief of Police, Linda Bohlke, Stephen Scott, Sabrina Doe, and Amy Doe. More than 90 days have passed since the filing of the complaint, and Plaintiffs have not filed proof of service or waivers of service as to these Defendants. The Court notified Plaintiffs that Defendants would be dismissed without prejudice unless Plaintiffs showed good cause for their failure to serve.

"At a minimum, 'good cause' means excusable neglect." *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Good cause may also require showing that "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Id.* (citing *Hart v. United States*, 817 F.2d 78, 80–81 (9th Cir. 1987) (per curiam)). In this case, Plaintiffs assert that they "intentionally delayed" serving Defendants "while waiting for discovery and settlement responses." (Doc. 150.) Such intentional delay does not constitute good cause under the standards set forth above.

Plaintiffs also were notified that they failed to state a claim against Defendants. Plaintiffs do not object or otherwise respond to this conclusion. Therefore, the Court will also recommend that Defendants be dismissed for failure to state a claim.

### C.    Leave to Amend

"A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1998) (per curiam)). In the first report and

recommendation, the Court explained that Plaintiffs' first amended complained needed more factual content than the original complaint. The Court instructed Plaintiffs to identify what each Defendant did and explain how each Defendant's actions injured Plaintiffs. (Doc. 94 at 12–13.) Plaintiffs failed to follow those instructions, and the Court has doubts that they would follow them in a second amended complaint. Still, the Court does not believe it is "absolutely clear" that amendment would be futile. As before, the lack of factual content is the problem, and that problem can be cured by the addition of facts, if Plaintiffs have them. The Court will recommend granting leave to amend once more.[2]

If such leave is granted, then Plaintiffs must identify each Defendant in the caption of the complaint. If a person mentioned in the body of the complaint is not listed in the caption, then the Court will presume that he or she is not a defendant.

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs' allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As this is a civil rights case, Plaintiffs' short, plain statements must tell the Court (1) the right they believe was violated, (2) the name of the defendant who violated that right, (3) exactly what that defendant did or failed to do, (4) how that defendant's action or inaction is connected to the violation of their rights, and (5) what specific injury they suffered because of that defendant's action or inaction. It is not proper to refer to all defendants generally. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").

### III. Conclusion

The Court recommends that **(1)** the motion to dismiss (Doc. 108) be granted and that the first amended complaint be dismissed without prejudice as to Defendants Cochise

---

[2] This is not an order authorizing Plaintiffs to file a second amended complaint. It is a recommendation directed to Judge Soto. Plaintiffs may not file a second amended complaint unless Judge Soto gives them permission to do so.

1  County, Cochise County Sheriff, Curtis L. Watkins, Robert Watkins, Sergeant Tal Parker,
2  and Cochise County Fire Chief; **(2)** that Defendants Mark Brnovich, Jane and John Does,
3  Gregory G. McGill, Matt McGregor, Mark Kelly, Eric DeRosia, Joshua Turner, Tim Shay,
4  Wilcox Arizona Mayor, Douglas Police Department Chief of Police, Benson Police
5  Department Chief of Police, Linda Bohlke, Stephen Scott, Sabrina Doe, and Amy Doe be
6  dismissed without prejudice; and **(3)** that Plaintiffs be granted leave to file a second
7  amended complaint.

8  This recommendation is not immediately appealable to the United States Court of
9  Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections
10 with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses
11 to objections. *Id.* Objections and responses to objections may not exceed ten pages in
12 length. LRCiv 7.2(e)(3). The parties may not file replies on objections absent the district
13 court's permission. A failure to file timely objections may result in the waiver of de novo
14 review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

15  Dated this 12th day of June, 2025.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge