1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8
9      Marcus Hinton, et al.,                    No. CV-23-00482-TUC-JAS (MSA)

10                    Plaintiffs,                 **REPORT AND
                                                  RECOMMENDATION**
11     v.

12     County of Cochise, et al.,

13                    Defendants.

14

15     **1.      Motion for Injunctive Relief Preventing Asset Transfers (Doc. 175)**

16              In light of the Maerses' bankruptcy filing, Plaintiffs are "concerned" that the County

17     Defendants may be hiding assets and contemplating bankruptcy. Plaintiffs thus move for

18     injunctive relief preventing the County Defendants from disposing of property.

19              To establish entitlement to injunctive relief, Plaintiffs must show that (1) they are

20     "likely to succeed on the merits," (2) they are "likely to suffer irreparable harm in the

21     absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) an

22     injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20

23     (2008). Plaintiffs have not addressed any of these elements. As such, they have not met

24     their burden to show that they are entitled to injunctive relief. Furthermore, there is a

25     pending recommendation that the claims against the County Defendants be dismissed. If

26     that recommendation is adopted, then Plaintiffs would be unable to show a likelihood of

27     success on the merits. Therefore, the Court will recommend that the motion for injunctive

28     relief be denied.

**2.      Dismissal of Doni and William Maers**

On June 12, the Court issued a report and recommendation recommending that the County Defendants' motion to dismiss be granted. (Doc. 160.) The Court refrained from issuing a recommendation concerning Defendants Doni and William Maers because Plaintiffs had taken steps to reopen the Maerses' bankruptcy proceeding. (*Id.* at 1.) Having researched and considered the matter further, the Court will recommend that the Maerses be dismissed from this case with prejudice.

In November 2024, the Arizona bankruptcy court granted a discharge to the Maerses under 11 U.S.C. § 727. (Doc. 19, No. BK-24-5191-BMW (Bankr. D. Ariz.).) The discharge covers the claims brought by Plaintiffs in this case. (*See* Doc. 8, No. BK-24-5191-BMW.) A discharge "operates as an injunction against the . . . continuation of an action . . . to collect . . . any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). This means that this case cannot continue against the Maerses. *See In re Garske*, 287 B.R. 537, 542 (B.A.P. 9th Cir. 2002) (stating that § 524(a)(2) ensures that, "upon the discharge of a debt in bankruptcy, a debtor is relieved of personal liability for that debt"); *see also Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 507 (9th Cir. 2002) (stating that violations of § 524(a)(2) can be punished under the civil contempt powers).

Plaintiffs argue that the discharge is invalid because the Maerses' liability arises from "willful or malicious injury." (Docs. 155, 181.) But that is not for this Court to decide. Under 28 U.S.C. § 157(a), this Court has referred "to the bankruptcy judges for this district all cases under title 11 and all proceedings under title 11 or arising in or related to a case under title 11 as of the effective date of the present Bankruptcy Act." Gen. Order 01-15(1). The referral includes "core proceedings" to determine "the dischargeability of particular debts." 28 U.S.C. § 157(b).

In short, Plaintiffs must direct their objections to the bankruptcy court. As to this Court, the bankruptcy discharge is final unless and until Plaintiffs succeed in reopening the bankruptcy proceeding and obtaining a ruling from the bankruptcy court that their claims were not discharged. Therefore, the Court will recommend that the Maerses be dismissed

1    with prejudice. *See Slater v. Stith*, No. CV-07-429-PHX, 2010 WL 903274, at *1–2 (D.

2    Ariz. Mar. 9, 2010) (dismissing the plaintiff's civil suit with prejudice because of the

3    defendant's bankruptcy discharge).

4                                              * * *

5            The Court recommends (1) that Plaintiffs' motion for injunctive relief (Doc. 175)

6    be denied, and (2) that Defendants Doni and William Maers be **dismissed with prejudice**.

7            This recommendation is not immediately appealable to the United States Court of

8    Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections

9    with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses

10   to objections. *Id.* The parties may not file replies on objections absent the district court's

11   permission. A failure to file timely objections may result in the waiver of de novo review.

12   *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

13           Dated this 6th day of August, 2025.

14

15                                                    Honorable Maria S. Aguilera
                                                      United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28