**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Marcus Hinton, et al.,

Plaintiffs,

v.

County of Cochise, et al.,

Defendants.

No. CV-23-00482-TUC-JAS (MSA)

**ORDER**

**1. Motion for Voluntary Dismissal (Doc. 244)**

Plaintiff Veronica Hinton moves for an order dismissing her claims without prejudice due to medical incapacity. There being no objection, the motion will be granted. *See* Fed. R. Civ. P. 41(a)(2).

**2. Motion for Leave to File Third Amended Complaint (Doc. 246) and Motion for Supplemental Compliance with LRCiv 15.1 (Doc. 257)**

Plaintiffs move for leave to file a third amended complaint. Ordinarily, the Court would not entertain a motion for leave to amend while a motion to dismiss is pending. However, the proposed third amended complaint appears to be an improvement over the second amendment complaint. For that reason, and because the Court desires to move this case forward, the Court has reviewed the motion and will grant it.

Leave to amend a pleading should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or

dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

On balance, these factors favor granting leave to amend. First, while there has been delay, it was not undue given that motions to dismiss and repleading are common. Second, there is no indication that Plaintiffs are acting in bad faith or with a dilatory motive. Third, Plaintiffs have failed to cure defects in previous amendments despite specific notice as to what those defects were. Fourth, Defendants do not assert that they would be prejudiced. Fifth, at the least, it appears that Plaintiffs have stated a § 1983 claim against Deputy Dugan and other unidentified deputies for searching and seizing their property in violation of the Fourth Amendment.[1] Thus, most of the factors support granting leave to amend.

The County Defendants raise a procedural objection, pointing out that the motion is not accompanied by a redlined version of the proposed amended pleading showing how it differs from the operative pleading. *See* LRCiv 15.1(a). Plaintiffs made a supplemental filing attempting to correct this deficiency, but the filing is not redlined. (*See* Doc. 257-1.) The Ninth Circuit Court of Appeals has repeatedly observed that "a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987) (citing *Armstrong v. Rushing*, 352 F.2d 836, 837 (9th Cir. 1965)). Given this caselaw and the Court's finding that Plaintiffs have likely stated a § 1983 claim, Plaintiffs' failure to comply with LRCiv 15.1(a) will be overlooked. The defective motion for supplemental compliance will be denied as moot.

The Court observes that the foregoing violation represents the most recent example of Plaintiffs' longstanding pattern of disregarding Court rules and orders. Indeed, their

---

[1] To plead an unreasonable search or seizure claim under § 1983, the plaintiff must allege that (1) the defendant searched or seized the plaintiff's property, (2) the defendant acted intentionally, and (3) the search or seizure was unreasonable. *See* Ninth Circuit Model Jury Instructions 9.13, 9.20. Plaintiffs allege that several Cochise County deputies, including Deputy Dugan, broke into their property without a warrant or consent, entered various buildings, and seized various items of property. (Doc. 246-1, ¶¶ 15–29.) These allegations plausibly allege a Fourth Amendment violation.

violation of Rule 15.1(a) is not limited to failure to provide a redlined pleading. That rule further provides that "[t]he proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits." LRCiv 15.1(a). Plaintiffs' third amended complaint attempts to "expressly incorporate by reference all non-county defendants named in the Second Amended Complaint" and "not waive" any claims against such parties. That attempt is ineffective. The Defendants named in the third amended complaint are Cochise County, Sheriff Mark Dannels, Sergeant Tal Parker, Deputy Dugan, Deputy Watkins, Fire Chief John Doe, and Doe Defendants 1 through 10. As Plaintiffs' claims are brought under § 1983, which applies only to government entities or employees, and the only unidentified individuals referred to in the third amended complaint are county employees, the Doe Defendants are necessarily limited to county employees.

In short, the Court will grant Plaintiffs leave to file their proposed third amended complaint. That complaint is brought only against Cochise County and its employees; there are no nongovernment defendants.

**3. Motion to Dismiss (Doc. 221) and Joinder in Motion to Dismiss (Doc. 247)**

The County Defendants move to dismiss Plaintiffs' second amended complaint. Other Defendants, including the City of Benson and City of Willcox and their employees, join in the motion. The motion will be denied as moot because it targets what will be an inoperative pleading. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (finding that a motion to dismiss an inoperative complaint was moot); *Bastidas v. Chappell*, 791 F.3d 1155, 1165 n.8 (9th Cir. 2015) (denying a motion as moot is a "quintessential housekeeping matter[]" that can be handled by a magistrate judge).

**4. Motion to Extend Service Deadline (Doc. 258)**

Plaintiffs request more time to complete service of the second amended complaint. The Court is allowing them to file their third amended complaint, so this motion will be denied as moot.

. . . .

. . . .

**5. Motion to Reinstate Defendants William and Doni Maers (Doc. 263)**

The Court dismissed William and Doni Maers after they discharged Plaintiffs' claims in bankruptcy. Plaintiffs move to "reinstate" the Maerses as Defendants. To begin, the Maerses are not named as defendants in the third amended complaint. So, Plaintiffs are not suing them, and they cannot be "reinstated." In addition, while Plaintiffs succeeded in reopening the bankruptcy case, they have not obtained a ruling that their claims were not discharged. The Court informed Plaintiffs that its ruling would stand "unless and until Plaintiffs succeed in reopening the bankruptcy proceeding *and obtaining a ruling from the bankruptcy court that their claims were not discharged*." (Doc. 197 (emphasis added).) The motion will be denied.

* * *

**IT IS ORDERED:**

**1.** The motion for voluntary dismissal (Doc. 244) is **granted**. Plaintiff Veronica Hinton and her claims are **dismissed without prejudice**.

**2.** The motion for leave to amend (Doc. 246) is **granted**. Within **7 days** of the date this Order is docketed, Plaintiffs must file a clean copy of their third amended complaint. Before filing, Plaintiffs must amend the caption to list all the named and unnamed defendants listed in Paragraphs 4 through 10. Plaintiffs may not add other parties or make other changes.

**3.** The motion for supplemental compliance with LRCiv 15.1 (Doc. 257) is **denied as moot**.

**4.** The motion to dismiss (Doc. 221) and the joinder in the motion to dismiss (Doc. 247) are **denied as moot**.

**5.** The motion to extend the service deadline (Doc. 258) is **denied as moot**.

**6.** The motion to reinstate Defendants William and Doni Maers (Doc. 263) is **denied**.

Dated this 9th day of March, 2026.

Maria S. Aguilera

Honorable Maria S. Aguilera
United States Magistrate Judge