**JELLISON LAW OFFICES, PLLC**
18801 North Thompson Peak Parkway
Suite D235
Scottsdale, Arizona 85255
Telephone: 602-550-6405
JAMES M. JELLISON, ESQ., #012763
Email: jim@jellisonlaw.com
Email: admin@jellisonlaw.com
 *Counsel for the Cochise County Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE STATE OF ARIZONA

| | |
|---|---|
| Marcus Hinton, et al.,<br><br>                    Plaintiffs,<br><br>v.<br><br>County of Cochise, et al.,<br><br>                    Defendants. | Case No. 4:23-cv-00482-JAS-MSA<br><br>**COCHISE COUNTY DEFENDANTS' RULE 41(b) MOTION TO DISMISS CASE RE: PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE (DOC. 283).** |

Pursuant to Fed.R.Civ.P. 41(b) and this Court's inherent power, the Cochise County Defendants request dismissal of this action in its entirety.  As this Court notes, this case has been sitting on the launch pad since late 2023, with no real movement.   The inertia is due to two things, both solely within the control and decision-making of Plaintiffs:   1) their insistence on filing numerous, costly, and unnecessary motions and notices to this Court; and 2) their failure to follow the simplest instructions from the Court regarding what is necessary to move the case forward; most recently the order to file an amended complaint in the form specified by this Court.  Plaintiffs' response to the Order to Show Cause establishes their bad faith, and fails to show good cause.  Dismissal is appropriate under the facts, and history, of this case for the reasons that follow.

This case was filed on October 25, 2023. (Doc. 1). Since then, there have been nearly 300 filings or orders, with no operative complaint currently on file. On March 10, 2026, this Court allowed Plaintiffs to file a third amended complaint, overlooking their failure to comply with LRCiv. 15.1. (Doc. 264). The language of the Order was unequivocal, "Within 7 days of the date this Order is docketed, Plaintiffs must file a clean copy of their third amended complaint. Plaintiffs must amend the caption to list all the named and unnamed defendants listed in Paragraphs 4 through 10. Plaintiffs may not add other parties or make other changes." (Doc. 264, pg. 4, lls. 15-19). On March 13, 2026, Plaintiffs filed a Third Amended Complaint that was so violative of the Court's Order at Doc. 264, that the Court immediately struck it *sua sponte*. (Docs. 266, 267). The Court ordered Plaintiffs to file a clean copy of the originally proposed pleading (Doc. 246-1) no later than April 3, 2026 designated as the Fourth Amended Complaint. (Doc. 267, pg. 2). On March 30, 2026 and, again, on April 3, 2026, Plaintiffs filed a Fourth Amended Complaint that was still in violation of the Orders at Docs. 264 and 267. (Doc. 282, pgs. 5-6).

In their response to Order to Show Cause, Plaintiffs first claim that they did not, collectively, understand the unequivocal language of this Court's Order at Doc. 264 and, as a result, filed a defective amended complaint on March 30, 2026. (Doc. 283, pg. 1). Plaintiffs then claimed that "Plaintiffs realized that the [March 30] filing may not have strictly conformed to the Court's Order" and "[u]pon recognizing this issue," filed another amended complaint on April 3, 2026. (Doc. 283, pg. 1). The problem is that Plaintiffs' April 3, 2026 "Fourth Amended Complaint" still violated the Orders at Docs. 264 and 267, even though Plaintiffs "realized" as of April 3, 2026 that the Order "required strict adherence to th[e] proposed pleading (at Doc. 246-1) without any changes." (Doc. 283, pg. 1). Any contrition expressed in their Response is insincere. Plaintiffs admit their April 3, 2026 was in violation of this Court's Order, and they knew that when they filed it. Plaintiffs have disregarded this

Court's Orders in countless ways in the past and present, and there is every reasons to believe that disregard will only continue into the future.

Plaintiffs are correct that "dismissal with prejudice is a severe sanction."   They are, however, wrong about whether the sanction is "not warranted here."   It is.

In addition to dismissal under Fed.R.Civ.P. 41(b), "[i]t has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citing *United States v. Hudson*, 11 U.S. (7 Cranch) 32, 34 (1812)). "These powers are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44–45. In *Chambers*, the Supreme Court discussed the scope of a federal court's inherent power, including the power "to vacate its own judgment upon proof that a fraud has been perpetrated upon the court." *Id.* at 44. The Court emphasized that this power is "necessary to the integrity of the courts, for 'tampering with the administration of justice in [this] manner . . . involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public.'" *Id.* (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944)).

Before dismissing a case pursuant to its inherent powers, however, a district court must consider the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th

3

Cir. 1986) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).   An analysis of these factors - in light of the persistent misconduct by Plaintiffs - supports dismissal under this Court's inherent powers.

### 1. Public's interest in expeditious resolution of litigation

As to the first factor, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Here, this is especially true.  With nearly 300 filings, this case is no closer to a resolution than it was on October 23, 2023.  Plaintiffs' have either ignored, or openly flouted, this Court's rules and orders for over two and a half years, resulting in nothing but judicial and economic waste.   Given Plaintifffs' failure to pursue the case in any serious, or meaningful, way for two and a half years, this factor weighs heavily in favor of dismissal.

### 2. The Court's need to manage its docket

The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Id.*  A review of the docket reveals that Plaintiffs' conduct has consumed a significant amount of the Court's time, presumably time that could have been devoted to other cases on the docket. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as that exhibited by Plaintiffs. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992).  Accordingly, this factor also weighs heavily in favor of dismissal.

### 3. Risk of prejudice to defendants

The third factor, risk of prejudice to Defendants, also weighs toward dismissal. "In determining whether a defendant has been prejudiced, the courts examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). There is no doubt that Plaintiffs' conduct has forced the government defendants to pay significant taxpayer monies to address baseless and frivolous issues that, in no way,

move the case toward resolution.  While "[l]imited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays," *Id.* (quoting *Ash v. Cvetkov,* 739 F.2d 493, 496 (9th Cir.1984)), it is the latter situation that is pervasive in this matter. Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). The delays in this case have been extensive and unreasonable, to the extreme, and all have been caused by Plaintiffs' repeated violations of court rules and orders.

### 4. Public policy favoring disposition of cases on their merits

Public policy favors disposition of cases on the merits. Thus, this factor typically weighs against dismissal. *See Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir.1998).  However, in this case, Plaintiffs are not prosecuting this case in a manner reasonably calculated to resolve the case on the merits in any reasonable period of time.

Instead, Plaintiffs' myriad filings are steeped in unrelated and implausible conspiracy theories, premature requests for discovery, and unfounded claims of misconduct on the part of the defense counsel.  These claims are more than a mere distraction, but demonstrate an intent to deceive the court and to jeopardize the integrity of the judicial process.  Indeed, "[i]t is well settled that dismissal is warranted where, as here, a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings: 'courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.'" *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

### 5. Availability of less drastic alternatives

As to the fifth and final factor, the availability of less drastic sanctions, this factor also weighs in favor of dismissal. Less drastic sanctions are *not* reasonably available in this case. Here, Plaintiffs' violations of court rules and orders is so pervasive, there is no reasonable

expectation they will cease.    Plaintiffs are undeterred by this Court's warnings and other admonishments.   A monetary sanction would be meaningless, as Plaintiffs repeatedly alleged that they have insufficient funds for the basic necessities of life.  The fact remains in this case; Plaintiffs' misconduct before this Court has continued for such a long period of time that "the Court can only anticipate that, if this action were to proceed, Plaintiff[s'] . . . misconduct would continue." *See Bridgepoint Construction Services Incorporated v. Lassetter,* 2018 WL 4539972, at *11 (D.Ariz. 2018).  As indicated above, Plaintiffs' past, present, and anticipated conduct is reasonably calculated to compromise the effective administration of justice, and render a jury trial as something occurring only in the very far future, if at all. The Court should also be concerned that a less drastic sanction will send the message that Plaintiff can intentionally fail to follow rules and orders without any real, or enforced, consequences.  This decision should not be made lightly, but under the circumstances *put into play by Plaintiffs*, lesser sanctions are not sufficient based on these facts. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

For the foregoing reasons, the Cochise County Defendants respectfully request that the Court dismiss this case in its entirety pursuant to Fed.R.Civ.P. 41(b) and its inherent power to control federal court litigation.

DATED this 13th day of May, 2026.

**JELLISON LAW OFFICES, PLLC**

s/ *James M. Jellison*
James M. Jellison, Esq.
*Counsel for Cochise County Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2026 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing with service on the following registrants, or by mail and email if not a registrant:

Marcus A. Hinton
Veronica Hinton (POA)
Vanessa Hinton
500 Westover DR #36515
Sanford NC 27330
T: 520.637.9288
E: Marcushinton21@yahoo.com
    V.hinton@live.com
    McIntyre.v@yahoo.com
  *Plaintiffs pro per*

Doni Maers
William Maers
3941 S. Leonard Ave.
Tucson, AZ 85375
D: donimaers@hotmail.com
  *Defendants Maers*

Larry J. Crown (No. 013133)
Elan S. Mizrahi (No. 017388)
**BRUECKNER SPITLER SHELTS PLC**
8355 East Hartford Drive, Suite 200
Scottsdale, Arizona 85255
Telephone: 480-483-9600
Facsimile: 480-483-3215
Emails: lcrown@bss.law
elan@bss.law
*Attorneys for Defendants Cities of Willcox and Benson and their Employees*

By: s/ *Valerie Hall*

7