**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Hinton, et al., | No. CV-23-00482-TUC-JAS (MSA) |
| Plaintiffs, | **REPORT AND RECOMMENDATION** |
| v. | |
| County of Cochise, et al., | |
| Defendants. | |

On April 21, 2026, the Court filed an Order directing Plaintiffs Marcus and Vanessa Hinton to show cause why, in light of their long history of violating Court rules and orders, this case should not be dismissed with prejudice for failure to comply with the March 9 and March 20 Orders. (Doc. 282.) Plaintiffs filed their response on May 11. (Doc. 283.) Having carefully considered the response and record, the Court will recommend that this case be dismissed with prejudice.[1]

## I.    Factual Background

The Court incorporates the factual background set forth in the Order to Show Cause. (Doc. 282.)

## II.   Legal Standard

In deciding whether to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b), the district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

---

[1]    This report was already complete when Defendants filed their motion to dismiss. (Doc. 284.) The report is not based on anything in that motion.

to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Dismissal is appropriate "'where at least four factors support dismissal, or where at least three factors strongly support dismissal.' In addition, in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (first quoting *Yourish*, 191 F.3d at 990; and then citing *Wyle v. R.J. Reynolds Indus.*, 709 F.2d 585, 589 (9th Cir. 1983)).

**III.    Discussion**

The first factor, the public's interest in expeditious resolution of litigation, "always favors dismissal." *Yourish*, 191 F.3d at 990. It strongly supports dismissal here. This case, filed in late 2023, has not progressed because Plaintiffs' serial, noncompliant filings have kept it mired in the pleading stage. Their violations of the March 9 and March 20 Orders are only the most recent examples. This Plaintiff-caused delay became unreasonable a long time ago. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (finding that this factor strongly supported dismissal where the "case dragged on for over a year and a half before it finally was dismissed").

The second factor considers the need to "preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants . . . ." *Ferdik*, 963 F.2d at 1261. It strongly supports dismissal here. The Court has devoted an inordinate amount of attention to this case. Among other things, the Court has had to repeatedly warn Plaintiffs about amendment rules, signature rules, and docket flooding with meritless and duplicative motions. It has also had to take repeated corrective action, including striking unauthorized or improper filings and imposing filing bars. If not for these show-cause proceedings, the Court would have to take similar corrective action regarding Plaintiffs' most recent violations. Plaintiffs' noncompliance has significantly interfered with the Court's ability to manage its docket. *See id.* (finding that this factor

strongly supported dismissal where the case "consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket").

The third factor, prejudice to the defendant, favors dismissal when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). This factor strongly supports dismissal here. "The law . . . presumes prejudice from unreasonable delay." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (first citing *In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994); and then citing *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)). As noted, there has been a lengthy and unreasonable delay in this case. Further, Defendants have repeatedly had to respond to, or move to strike, Plaintiffs' serial, unauthorized, or unsigned filings, thus incurring ongoing litigation expense. This includes a motion to strike Plaintiffs' most recent attempt to file an amended complaint. (Doc. 280.) Plaintiffs' noncompliance has multiplied the proceedings and forced Defendants to engage in excessive and unnecessary litigation.

The fourth factor, the policy favoring disposition of cases on their merits, "always weighs against dismissal." *Dreith*, 648 F.3d at 788 (citing *Adriana*, 913 F.2d at 1412). That said, this factor "'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Transamerica Life Ins. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1228). The weight of this factor is diminished due to Plaintiffs' persistent noncompliance, which has obstructed progression of this case.

The fifth factor, the availability of less drastic alternatives, strongly favors dismissal of this case. Less drastic alternatives include warnings, fines, and additional chances to comply. *Malone*, 833 F.2d at 132 n.1 (first quoting *Titus v. Mercedes Benz of N. Am.*, 695 F.2d 746, 749 n.6 (3d Cir. 1982); and then quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985) (per curiam)). The Court has provided countless

warnings and explicitly warned that "failure to comply with this Court's rules or orders can and will result in sanctions, including possible dismissal of this case." (Doc. 132.) This circuit's "case law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternatives' requirement." *Malone*, 833 F.2d at 132. The Court has threatened to impose monetary fines and other sanctions, to no avail. (Docs. 198, 229, 241.) The Court has stricken numerous filings. (Docs. 34, 39, 89, 97, 149, 151, 204, 212, 231, 240, 266.) The Court has also given opportunities to correct noncompliant filings and other violations, including with respect to the amended complaint required by the March 9 Order. (Docs. 29, 81, 132, 230, 241, 267.)

The Court finds that sanctions less severe than dismissal are not feasible. Actual (as opposed to threatened) monetary fines and cost-shifting are possible alternatives. But given Plaintiffs' unresponsiveness to threatened fines, apparent inability to pay a fine (given their in forma pauperis status), and persistent noncompliance despite multiple warnings and multiple filings being stricken, these alternatives are not appropriate. Another possible alternative is to require Plaintiffs to certify in writing that they will comply with all rules and orders moving forward and to hold them to it (i.e., give them one final chance). Again, though, their persistent noncompliance despite previous warnings and sanctions suggests that this is not appropriate. The fact that Plaintiffs were unable to follow the clear, simple instructions in the March 9 and March 20 Orders further suggests that another chance is not appropriate.[2] Plaintiffs assert that, moving forward, they will "(1) maintain a written checklist of all requirements identified in each Court order, (2) compare all filings directly against the Court's instructions prior to submission, and (3) seek clarification from the Clerk's Office if any uncertainty exists before filing." (Doc. 283 at 2.) But given everything discussed in the Order to Show Cause and above, their pledge rings hollow.

As noted, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Dreith*, 648 F.3d at 788 (citing *Wyle*, 709 F.2d at 589). Plaintiffs assert that they "did not intend to disregard or violate any Court

---

[2]    Plaintiffs say that they were reasonably confused about the instructions. (Doc. 283.) But there was nothing vague or confusing about the Orders. See below.

directive and have made good faith efforts to comply throughout these proceedings." (Doc. 283 at 1.) They say that, with respect to the March 9 and March 20 Orders, they "experienced confusion as to which instructions controlled and how strictly the proposed pleading attached to Doc. 246-1 needed to be followed without deviation." (*Id.*) And they suggest that they complied with the March 20 Order by filing another fourth amended complaint before the April 3 deadline expired. (*Id.* at 1–2.) Thus, they say, there was no "bad faith, delay, or willful disobedience." (*Id.* at 2.)

Plaintiffs misunderstand the meaning of "willfulness." "[A] 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012). Thus, "'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993) (citing *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)). Nothing in the record or in Plaintiffs' response shows that Plaintiffs' failure to comply with the March 9 and March 20 Orders was outside their control. On the contrary, Plaintiffs' response confirms that they read the Orders and made a deliberate choice to file pleadings with extensive changes. The violations were therefore willful. *See id.* at 949 ("Henry offers various explanations for his discovery misconduct, but all are either legally irrelevant or factually implausible, and none persuades that circumstances outside his control caused his transgressions.").

As a final matter, any suggestion that Plaintiffs complied with the March 20 Order through their April 3 filing is incorrect for the reasons stated in the Order to Show Cause. (Doc. 282 at 5–6.) In addition, Plaintiffs' allegations that they were reasonably confused about the Court's instructions are not believable. They allege that they were confused about "which instructions controlled." (Doc. 283 at 1.) But the March 20 Order required them to "change the title of the pleading to 'Fourth Amended Complaint' *and* amend the caption as directed by Judge Aguilera in her March 10 order (Doc. 264)." (Doc. 267 at 2 (emphasis added).) The Court clearly expressed that compliance with both Orders was necessary.

- 5 -

Plaintiffs further allege that they were confused about "how strictly the proposed pleading . . . needed to be followed without deviation" and that they only later realized that "strict adherence to that proposed pleading without any changes" was required. (Doc. 283 at 1.) But the March 9 Order authorized only one change (to the caption) and stated that "Plaintiffs may not add other parties or make other changes." (Doc. 264 at 4.) And the March 20 Order authorized only two changes (to the title and caption) and stated that "Plaintiffs must not make any other changes to their Fourth Amended Complaint." (Doc. 267 at 2.) These instructions are clear, and Plaintiffs could not have reasonably read them as authorizing their wide-ranging amendments.

* * *

In summary, the first, second, third, and fifth factors strongly favor dismissing this case with prejudice, and Plaintiffs' violations were willful. Dismissal is thus appropriate.

**IV.     Conclusion**

The Court recommends, pursuant to Federal Rule of Civil Procedure 41(b), that the district court dismiss this case with prejudice for failure to comply with the March 9 and March 20 Orders.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). A party's objections or response to objections may not exceed 10 pages in length unless otherwise permitted by the district court. LRCiv 7.2(e)(3).

Dated this 14th day of May, 2026.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge