# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcus Hinton, et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>County of Cochise, et al.,<br><br>      Defendants. | No. CV-23-00482-TUC-JAS (MSA)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Maria S. Aguilera's Report and Recommendation, recommending this Court dismiss this case with prejudice for failure to comply with the Magistrate Judge's March 9th and 20th orders.[1] (Doc. 285.) The Court has reviewed the applicable records in this case (*see* Docs. 1-291) and the relevant legal authority. Although only given permission to file an objection to the Report and Recommendation, Plaintiffs Marcus and Vanessa Hinton filed an objection and a declaration in response,[23] attaching several exhibits which were not before the Magistrate

---

[1] While the Report and Recommendation is based on the failure to comply with two orders, Judge Aguilera detailed Plaintiffs' repeated violations of court orders, as well as the Local and Federal Rules of Procedure, in her April 21, 2026 Order to Show Cause. (Doc. 282.)

[2] Highlighting Plaintiffs' inability to follow direct orders, despite several warnings about signatures on court filings (Docs. 28, 99, 110, 159, 233), neither the objection nor the declaration are signed (Doc. 286 at 8; Doc. 288 at 6). Plaintiffs included a "Signature Page" (Doc. 286 at 9; Doc. 288 at 7), and Plaintiffs subsequently filed a Notice of Timely Delivery, wherein a single page states, "Notice of Timely Signature Page" and includes Plaintiffs' signatures. (Doc. 289.) But these attempts do not correct the deficiencies in failing to sign the objection and declaration, as Federal Rule of Civil Procedure 11(a) requires that the motion, pleading, and paper itself must be signed and must include the signer's address, e-mail address, and telephone number.

[3] On July 2, 2026, Plaintiffs filed a Motion to Stay Ruling on Report and Recommendation Pending Filing of Supplemental Objection. (Doc. 292.) The motion is essentially an

Judge.  (Docs. 286, 288.)  Defendant Cochise County filed a Response, to which Defendant Wilcox Police Department joined.  (Docs. 290-91.)

As a threshold matter, as to any new evidence, arguments, and issues that were not timely and properly raised before the Magistrate Judge, the Court exercises its discretion to not consider those matters and considers them waived.[4]  *United States v. Howell*, 231 F.3d 615, 621-623 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation . . . [I]n making a decision on whether to consider newly offered evidence, the district court must . . . exercise its discretion . . . [I]n providing for a de novo determination rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate judge's proposed findings and recommendations . . . The magistrate judge system was designed to alleviate the workload of district courts . . . To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the

untimely objection to the Report and Recommendation.  *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (district courts may interpret filings in a way that "create[s] a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis").  Plaintiffs assert that their arguments "were not available to Plaintiffs in fully developed form at the time of the original Objections." (Doc. 292 at 2.)  The Court disagrees.  Regardless, Plaintiffs' argument does not change the Court's analysis and is yet another example of Plaintiffs' inability to follow concise orders.  The Court will therefore deny the motion.

[4] Plaintiffs' objection argues against dismissal "[b]ecause Plaintiffs present new evidence not before the Magistrate Judge," indicates the Magistrate Judge "reaches its conclusion without the benefit of several categories of evidence," and asks for an evidentiary hearing to present new evidence of their efforts to comply with the Magistrate Judge's orders. (Doc. 286 at 1-2, 7.)  As a general matter, the Court notes that it has had numerous problems with parties in many cases attempting to raise new issues that could have been raised before the United States Magistrate Judge.  The Court does not abide such actions, and allowing such actions undermines the Court's ability to properly manage the hundreds of cases pending before the Court.  *See United States v. Ramos*, 65 F.4th 427, 435 n. 5 (9th Cir. 2023) ("Ramos's motion for reconsideration argued that the district court failed to conduct de novo review because the order adopting the report and recommendation stated that 'as to any new . . . arguments . . . not timely . . . raised before [the magistrate judge], the Court exercises its discretion to not consider those matters and considers them waived' even though, according to Ramos, the case raised no waiver issue. But this argument misses the point. The fact that the order contained extraneous language does not negate the district court's multiple assertions that it conducted de novo review and the magistrate judge's proper analysis in recommending denial of the motion to suppress.").

workload of the district court.  Systemic efficiencies would be frustrated and the magistrate judge's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round . . . Equally important, requiring the district court to hear evidence not previously presented to the magistrate judge might encourage sandbagging.  [I]t would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003) ("Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice.").

Assuming that there has been no waiver, the Court has conducted a de novo review as to Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with [the Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.").

As referenced above, in addition to reviewing the Report and Recommendation and any objections and responsive briefing thereto, the Court's de novo review of the record includes review of the record and authority before United States Magistrate Judge Aguilera which led to the Report and Recommendation.

Upon de novo review of the record and authority herein, the Court finds Plaintiffs' objections to be without merit, rejects those objections, and adopts United States Magistrate Judge Aguilera's Report and Recommendation.  *See, e.g., United States v. Rodriguez*, 888 F.2d 519, 522 (7th Cir. 1989) ("Rodriguez is entitled by statute to de novo review of the subject. Under *Raddatz* [447 U.S. 667 (1980)] the court may provide this on

the record compiled by the magistrate. Rodriguez treats adoption of the magistrate's report as a sign that he has not received his due. Yet we see no reason to infer abdication from adoption. On occasion this court affirms a judgment on the basis of the district court's opinion. Affirming by adoption does not imply that we have neglected our duties; it means, rather, that after independent review we came to the same conclusions as the district judge for the reasons that judge gave, rendering further explanation otiose. When the district judge, after reviewing the record in the light of the objections to the report, reaches the magistrate's conclusions for the magistrate's reasons, it makes sense to adopt the report, sparing everyone another round of paper."); *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.*, 8 F.3d 722, 724 (10th Cir. 1993) ("De novo review is statutorily and constitutionally required when written objections to a magistrate's report are timely filed with the district court . . . The district court's duty in this regard is satisfied only by considering the actual testimony [or other relevant evidence in the record], and not by merely reviewing the magistrate's report and recommendations . . . On the other hand, we presume the district court knew of these requirements, so the express references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise . . . Plaintiff contends . . . the district court's [terse] order indicates the exercise of less than de novo review . . . [However,] brevity does not warrant look[ing] behind a district court's express statement that it engaged in a de novo review of the record."); *Murphy v. Int'l Bus. Machs. Corp.*, 23 F.3d 719, 722 (2nd Cir. 1994) ("We . . . reject Murphy's procedural challenges to the granting of summary judgment . . . Murphy's contention that the district judge did not properly consider her objections to the magistrate judge's report . . . lacks merit. The judge's brief order mentioned that objections had been made and overruled. We do not construe the brevity of the order as an indication that the objections were not given due consideration, especially in light of the correctness of that report and the evident lack of merit in Murphy's objections."); *Gonzales-Perez v. Harper*, 241 F.3d 633, 636 (8th Cir. 2001) ("When a party timely objects to a magistrate judge's report and recommendation, the district court is

- 4 -

required to make a de novo review of the record related to the objections, which requires more than merely reviewing the report and recommendation . . . This court presumes that the district court properly performs its review and will affirm the district court's approval of the magistrate's recommendation absent evidence to the contrary . . . The burden is on the challenger to make a prima facie case that de novo review was not had."); *Brunig v. Clark*, 560 F.3d 292, 295 (5th Cir. 2009) ("Brunig also claims that the district court judge did not review the magistrate's report de novo . . . There is no evidence that the district court did not conduct a de novo review.  Without any evidence to the contrary . . . we will not assume that the district court did not conduct the proper review."); *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023) ("Under this statutory scheme [of the Federal Magistrates Act], the district court did what § 636(b) requires: it indicated that it reviewed the record de novo, found no merit to Ramos's objections, and summarily adopted the magistrate judge's analysis in his report and recommendation. We have presumed that district courts conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections.").[5]

Magistrate Judge Aguilera's Order to Show Cause and Report and Recommendation

[5] *See also Pinkston v. Madry*, 440 F.3d 879, 893-894 (7th Cir. 2006) (the district court's assurance, in a written order, that the court has complied with the de novo review requirements of the statute in reviewing the magistrate judge's proposed findings and recommendation is sufficient, in all but the most extraordinary of cases, to resist assault on appeal; emphasizing that "[i]t is clear that Pinkston's argument in this regard is nothing more than a collateral attack on the magistrate's reasoning, masquerading as an assault on the district court's entirely acceptable decision to adopt the magistrate's opinion . . . ."); *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) ("The district court's order is terse . . . However, neither 28 U.S.C. § 636(b)(1) nor Fed. R. Civ. P. 72(b) requires the district court to make any specific findings; the district court must merely conduct a de novo review of the record . . . It is common practice among district judges . . . to [issue a terse order stating that it conducted a de novo review as to objections] . . . and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's [terse] statement as establishing that it failed to perform the required de novo review . . . We hold that although the district court's decision is terse, this is insufficient to demonstrate that the court failed to review the magistrate's recommendation de novo."); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is required to conduct a de novo determination of those portions of the magistrate judge's report and recommendations to which objections have been filed. But this de novo determination is not the same as a de novo hearing . . . [I]f following a review of the record the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own.").

detail Plaintiffs' repeated failure to follow court orders despite warnings, clear directives, and threatened sanctions.  (Docs. 282, 285.)  Moreover, Plaintiffs' confusion about their various cases in federal and bankruptcy court does not relieve them of their obligation to follow the Federal Rules of Procedure and the district court's orders.  *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) ("Pro se litigants must follow the same rules of procedure that govern other litigants.") (quoting *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

The Court has considered Federal Rule of Civil Procedure 41(b) and finds, like the Magistrate Judge, that the first, second, third, and fifth factors weigh in favor of dismissal. (*See* Doc. 285 at 2-6.) These factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; . . . and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

Furthermore, "to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).  Despite Plaintiffs' claims to the contrary, the Court finds the repeated failure to comply with Court orders was willful, deliberate, and within their control.  (*See* Doc. 285 at 4-5.)  "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).  The district court has attempted to take less drastic measures, including striking improper filings, imposing filing bars, and threatened monetary sanctions and dismissal. Plaintiffs' inability to comply despite these warnings underscores that there is no action short of dismissal that is proper.

Accordingly, **IT IS ORDERED**:

1) United States Magistrate Judge Maria S. Aguilera's Report and Recommendation is ADOPTED. (Doc. 285).

2) Plaintiffs' Motion to Stay Ruling on Report and Recommendation Pending Filing

of Supplemental Objection is DENIED.  (Doc. 292.)

3)  This matter is DISMISSED WITH PREJUDICE.

4)  All other pending motions are DENIED as MOOT. (Docs. 278, 280, 284.)


Dated this 8th day of July, 2026.


_____
Honorable James A. Soto
United States District Judge